Hemphill, Ch. J.
In relation to the first alleged error, viz, in overruling the demurrer of defendant, it will be remembered that Cite exception was first taken in the Probate Court,; and it may be regarded as a general rule that the certainty required
in pleadings in the District Court is not to he exacted in the probate and other courts of inferior jurisdiction. Such strictness would seriously embarrass the course of adjudication in such courts. Their province is to dispense justice on the facts of the ease as adduced in evidence, regardless of the technical and artificial niceties of special pleading. Any statement of t-lie cause of action (unless the allegations have been prescribed by statute)* which will enable a person of ordinary understanding to comprehend the subject-matter of controversy will he quite sufficient. The proceedings are frequently conducted by the parties themselves, uulearned in the law, and they cannot be required to set forth their grounds of action'or defense with the-precision, fulness, and accuracy of adepts skilled in the science and experienced in the practice of pleading. But if the petition not only alleges the-facts on which the application is founded, but by its exhibits shows the evidence on which such application is to be supported, the court may, on exception to tiie petition, and on consideration, not of the allegations alone, but in connection with the facts purported to be sustained by the exhibits, proceed to determine upon the application, and either grant the prayer of or dismiss the petition. The special objection here urged in support of the demurrer is, that- the petition does not allege that the claim was approved by the chief justice of the County Court. That this is essential to support ttie claim is admitted ; but nevertheless in the Probate Court it is not a necessary averment, because it may be proven (hough not averred ; but when, as iu this ease, the-applicant not only fails to make such averments, but offers the notes as exhibits, and they furnish at least prima fade evidence that no such fact as the approval of the judge exists, the Probate Court might properly proceed at once, and without further trial, to dismiss the proceeding. By law the chief justice, on a claim being presented, is required to indorse thereon or annex thereto a memorandum in writing, signed by him, stating that lie approves or disapproves of the allowance by the executor or administrator, or wliau portion of such allowance he approves or disapproves. (Art. 1300.) How,, *313 without deciding tlmt such approval or disapproval might not in some cases be proved by evidence aliunde, yet, unless such approval be indorsed or annexed to the evidence of debt., tlie prima facie presumption at least is, that it does not exist. When objection is made, then, that the facts, not only as alleged but as proposed to be proven, are not sullicient to authorize the relief prayed, the court should at once determine upon the exception; and we will now proceed to inquire whether on tlie facts disclosed by tlie pleadings and exhibits tlie petition ought to have been dismissed or sustained.
This application is predicated upon the 59th section of the act of 184S, (art. 1108,) which authorizes any creditor holding a claim secured by a mortgage or other lien, which claim lias been allowed, approved, or established by suit, to-obtain an order for tlie sale of tlie property upon which lie lias such mortgage or lien. Throughout die statute of 1848, the term allowance is applied to tlie acceptance by ¡.lie administrator, and the term approval is used as descriptive of the act of the judge in imparting his judicial sanction. Tlie creditor, then, by tlie express terms of the law, luis no authority to apply to tlie County Court for a sale of tlie mortgaged premises, unless his claim lias not only been allowed by tiie administrator, but approved by the chief justice, or unless the claim lias been established by suit, iu fact, the law regulating the estates of deceased' persons nowhere contemplates action on the mere allowance of a claim by an administrator. Such allowance is no test of the validity of tlie claim. Whether it shall be subsequently established depends upon tlie action of tlie probate judge. If it be approved by him, it is then and for tlie first time to be ranked among the acknowledged debts of tlie succession; and if it be disapproved it must be prosecuted iu another and distinct jurisdiction; and when there ripened into judgment, it becomes a debt against the succession, subject to payment, ordinarily, in the duo course of administration. But no action,can be maintained upon it in tlie Probate Court until it is either approved or established by suit. It is declared by law that, on rejection of a claim by tlie chief justice, suit may, in the District Court, be commenced against the executor or administrator. This rejection is to he ascertained, not by the experiment of a suit in tlie Probate Court, but on mere presentment of the claim for approval or disapproval. And the law does not require the administrator to answer a complaint in a Probate Court founded on a demand not approved; and any such course would be oppressive; for. if by that court the claim was finally disapproved, yet tlie controversy would not be ended, as the only effect of' such rejection would be to authorize proceedings in the District Court.
And more especially is tlie distinction between the two jurisdictions to be-observed in liie prosecution of claims secured by mortgage. If such claim be rejected by tlie probate judge, it may not only be carried to judgment in the District Court, but tlie property subject to the lien may be seized and sold by the sheriff, and tlie proceeds of such sale be applied to the satisfaction of the judgment, (art. 772,) iu contradistinction to tlie usual order that such judgment be paid iu tlie due course of administration. The claim, then, if rejected, must be established, and may be satisfied in tlie District Court; if approved, its satisfaction is to be obtained under proceedings in tlie Probate Court; but until either approved or disapproved it lias no judicial standing, and cannot be made tlie foundation of an action in any court, at least for the purpose of satisfaction out of tlie assets of the estate. We conclude, then, that there was error in overruling tlie demurrer; that the same should have been sustained and the application dismissed.
The second error assigned is, in tiie exclusion of the evidence offered by the appellant to prove that the creditor had express notice of tlie time at which letters of administration were granted. Tlie ground for this exclusion was, that notice by publication was the only legal notice. Waiving any discussion of what will generally constitute legal evidence of notice, it is sufficient to say that in this case the plaintiff has, by his own act in presenting the claim: *314 to the administrator for acceptance, estopped himself from denying that he had notice of the grant of administration.
Tlie third error assigned is in the refusal of the court to sustain the plea of the statute of limitations. This alleged ground of error might have been considered under the .first assignment, viz, that the overruling of the demurrer was erroneous; hut as it is presented distinctly and separately, we will proceed so to consider it. It is contended that the claim should have not only been presented and approved, hut that the mortgage should have likewise been allowed .and approved. This, we think, to say the least, is quite problematical. If the evidence of the claim consisted of the mortgage alone, no doubt it must be presented for allowance and approval; but where a note or bond has been executed, it would seem that, under the law. the allowance and approval of such note or bond would be sufficient. The section under which this proceeding is commenced is expressed as follows, viz : “That any creditor of the estate of a deceased person, holding a claim secured by mortgage or other lien, which ■claim has been allowed and approved, or established by suit, may obtain,” &c., &c. This section requires only that the claim should be allowed ami approved, and does not exact that the mortgage should be likewise thus established. But as this point is not necessary to the decision, it will be left open for future discussion. It will subsequently appear that the notes were barred, and consequently the mortgage, whether presented or not, must share the fate of the claim itself.
One of the notes became duo in September, 1840, and the second in September, 1846; and consequently thejr were barred by the general law of limitations, unless acceptance by "the administrator, of itself, interrupted the course of prescription. That such was not its effect will appear from the consideration that the operation of such allowance is only conditional. It does not intrinsically, and by a proprio rigore power, establish the claim as a debt .against the succession. Unless it be followed and sustained by the approval of the probate judge, the claim is not ranked nor can it be considered as a recognized liability against the estate. The act of recognition is incomplete until to the allowance by the administrator there be superadded the approval by the probate judge. The acknowledgment by the administrator and approval by the judge must be regarded as one act; and by these, and by both jointly, and not either separately, does the creditor ascertain whether his claim will, without litigation, be established as a debt against the succession. The allowance and approval answers the double purpose of notification to the administrator of the existence of a legal and valid claim, and of apprising the creditor that his ■claim is established without the necessity of suit; and further, if after acceptance by the administrator the claim is rejected by the judge, and it is prose■cuted by suit, the term of prescription will be computed from the day the cause of action arose, and no allowance will bo made for the time lost in ascertaining, by presentment to the administrator and judge, whether the claim will be approved by both or rejected by either one of them. This shows clearly ■that the mere acceptance by the administrator cannot suspend the course of the statute, because if the claim be subsequently rejected by the judge, and suit commenced, the .time elapsing between acceptance by the administrator and rejection by the judge is computed as a part of the time allowed by the statute. The act of acceptance is not permitted to supervene aud suspend the statute during the time elapsing between such act and its disapproval, on presentment, by the judge. lío exception has been made in any of our statutes of limitation under which the creditor can claim, during this interval, an exemption from their operation ; and the general rule is, that where no exception is made by statute, it cannot be created by the judiciary.
If, then, on the suit being brought in the District Court, the accept•ance by the administrator is not permitted to suspend the statute, it can have ■no such intrinsic effect anywhere. If it cannot be made available in the District *315 •Court, it cannot in any other court or place. After acceptance by the administrator, there are two ways of establishing the claim; hut, preliminary to either mode, the claim must he presented to the probate judge. If lie lie satisfied of its justice, he may approve of it; and this is one mode of imparting judicial force to the claim. But if he disapprove it,' it must be litigated; and, if sustained, it will then be established by the other mode; and if tire time elapsing between acceptance by the administrator and presentment of the judge cannot be struck out of the statute when suit is prosecuted, neither can it be stricken ■out when no suit is necessary and the claim is legalized by the simple ¿Hat of the judge.
The third note became due in September, 1847, and was not barred by the general law of limitations at the date of the application; and it becomes necessary, therefore, to consider whether the delay of the creditor, beyond a reasonable time, (after acceptance by the administrator.) to present his claim to the probate judge for approval or disapproval shall defeat the right of enforcing such claim against the estate. This is a question of considerable difficulty, depending, as it does for its solution on no express statutory provision, but ■on deductions from analogy and the general scope and policy of the laws regulating the estates of deceased persons. Since the opening of this succession three distinct general statutes for the settlement of estates of the deceased have been in force, viz, the laws of 1840, ’46, and ’48. But in neither of these is there any specific limitation as to the time within which a claim, after allowance, must be presented to the probate judge for his approval or rejection.
By the law of 1S40 (art. 1012) it is declared that, after the acknowledgment by the administrator, the claim shall be submitted to the judge, that it nmy be ranked among the acknowledged debts of the succession. But no time is specified within which the submission must be made; and if any time short of the close of administration can be affixed for this submission, it must depend on the scope and policy of the law. On examination of its provisions it will be found that they require prompt and energetic action in the settlement of •estates. The term of administration is fixed at one year from the date of the grant. The administrator is bound then to exhibit a list of the creditors, and of the amounts due to each as acknowledged, established, or claimed, and a payment is then ordered to be made. The term of administration may be prolonged beyond the year, on good cause shown ; but the failure of a creditor to submit his claim to the probate judge, in order that it may be ranked among the acknowledged debts, would constitute no such cause; and, upon the whole, it would seem to be reasonable that the submission of the claim to the judge must, under this law, be within twelve months posterior to the grant of administration. This statute was in force but a short time after the opening of the succession.
Tlie provisions of the law of 1S4G extend the period in which a claim shall be finally barred to the general term of limitation. They are more specific than those"of 1S40, in relation to the action of the probate judge on a claim when presented. The law of 1840 does not (literally construed) contemplate a rejection •of the claim by the probate judge; but, by the act of 1846, his approval or disapproval is required to be indorsed ou the claim, and, on rejection, the creditor is remitted to this right of suit, as he would have been liad it been rejected by the administrator. Had the probate judge, under the prior law, refused his assent to the claim, or to permit it to be ranked among the acknowledged debts of the succession, no doubt the creditor might have maintained his suit, but this was not expressly provided for by law. But the law of 1846 is alike defective with that of 1S40 in failing to prescribe the time within which a claim, after allowance, must be presented to the judge for approval. As the right of the parties cannot be affected by the provisions of this statute, we will waive further examination, for the purpose of ascertaining the limit within which a creditor would he allowed under it to delay the presentation of ids •claim for approval.
*316 This succession was under the contvc. of the law of 1848 for two years and several months before the bringing of this suit, and by its provisions the rights of the parties, not fixed by previous laws, must be ultimately determined. And when we survey these, we still find the want of any express provision ; and we are still embarrassed by the perplexity and obscurity consequent on such deficiency. If we were to he guided by analogy alone, the creditor would be permitted only a short puriocUwithiii which to present his claim ¿or judicial approval. It appears that if tlie claim be rejected by the administrator, tlie creditor must not daily or delay, but institute his action within throe mouths; or if it he accepted by tlie administrator and refused by the judge, the creditor must be prompt, and within t bree months his action must be commenced. Now, what is tlie object of this promptitude? Certainly, that the amount of the claims which tlie estate will be bound to pay may be speedily ascertained; that tlie administration may be brought to a cióse, and tlie property of tlie estate he distributed to its rightful owners. And can a creditor whose claim has been accepted by the administrator be permitted to suspend his claim over tlie estate for years to delay its submission to tlie probate judge for his approval, or upon his rejection, that the same may he established by suit, and thus by bis delay defeat the general policy of the law, which requires that when once the claim has been notified to the administrator it must be promptly prosecuted to establishment or he abandoned? If a claim be rejected by the administrator, the creditor must sue within three mouths; if it bo accepted by the administrator, that does not of itself constitute a legal recognition of its validity. Homething else is wanting, viz, tlie approval of tlie probate judge; and if this be refused, the creditor is thrown back to the starting point, and must sustain his claim by litigation or not at all. Now, if on rejection by the administrator, the creditor must within throe months adopt legal proceedings for the establishment of his claim, why should lie not within three, months after acceptance by the administrator he compelled to present his claim to the judge for approval? Neither the. rejection nor the acceptance by tlie administrator of a claim can bo regarded as a test of its validity or invalidity. Tlie claim is to be submitted to tins further test of suit on rejection, or of re-exam-iualion by tlie probate judge on acceptance. If the claim be established by suit, tlie rejection by the administrator goes for nothing; or if it be disapproved by the probate, judge, the acceptance by tlie administrator is likewise treated as a mere nullity. If on rejection the claim must be further tested or not at all within three months, wh.y should not the creditor on acceptance he. compelled within tlie same period to have the scrutiny continued? — the object being tlie same in both cases, viz, to ascertain, in the mode pointed out by law, whether tlie claim be or be not a valid debt against the succession. Tlie administrator can neither on bis rejection nor his acceptance take the initiative for the purpose of ascertaining whether tlie claim may be finally recognized. The burthen of establishment rests upon the creditor as well when tile proceeding is by suit as on presentment to the probate judge for judicial sanction. When suit is necessary, the law has limited the time of action to three months, and when judicial approval is necessary, why should not tlie presentment be circumscribed within tlie same limitation ? If we examine, other provisions, wo shall find it the cherished polic3r to have estates brought to a close within a reasonable time.
J>y article 1192, the administrator, at tlie expiration of twelve months, is required to make an exhibit of all the claims that have been presented to him; and by tlie following article, 1199, the court is authorized, on consideration of the claims presented before tlie expiration of twelve months, as well those on which suit has been or can yet be instituted as those which have been presented, allowed, and approved, or established by judgment, to order payment. Here, the only class of claims which are described are those which have been or may be sued, and which, consequently, must have been rejected either by the administrator or judge, and those which have been established by approval or judgment. The hybrid class, composed of those which have- *317 ."been acknowledged by the admi". ¡strator, but neither approved nor rejected by the judge, is not noticed; arc. me inference is, that the Legislature did not contemplate that there would be any delay in presenting the claim to the .judge for his approval or disapproval, and consequently there was no necessity for provision for such class oí jases.
Note 91. — Moore v. Hardison, 10 T.,467; Pierpont v.Threlkeld, 13 T.,244; Francis v. Williams, 14 T., 158; Brown v. Hobbs, 19 T., 167.
Note 92. — Crosby v. Me Willie et al.y 11 T., 94; Thompson v. Branch, 35 T., 21; Converse v. Soriey, 39 T., 515.
Note 93. — Robertson v. Paul, 16 T., 472; Buchanan v. Monroe, 22 T., 537; Giddings v. Crosby, .24 T., 295.
And by article 1196, at any time after twelve months, the estate may be •divided, the administrator retaining a sufficiency to pay all debts of every kind .against the estate that have been allowed and approved or established by suit, or that have been rejected by the executor or administrator, or not approved by the chief justice, and may yet be established. This provision contemplates that, on distribution of the estate, no property shall be exempt from division, •except such as maybe necessary to discharge debts approved by the judge, established by suit, or which, being rejected, may yet be established by suit. It is not supposed that there would be any which have been simply accepted by the administrator, but not approved or rejected' by the judge; and, consequently, no provision is made to retain property for their payment. From tiiese and other sections of the statute, wo might be justified in holding that but a short period should be allowed to intervene between acceptance by.the administrator and presentment to the judge for his approval or rejection. Whether this should be some fixed term, or may be modified by circumstances to meet the equities of the particular case, wo do not deem it necessary to determine. Certainly the estate, and the parties interested adversely to the claimant, should not suffer prejudice from such delay; nor can its partition be retarded by the laches and negligence of a creditor. But as the subject has not been examined by counsel in the point of view in which it has just been considered, and as important interests may be involved in the settlement of any fixed rule, we deem it inexpedient at present to make any definitive decision of the question. The cause itself must be dismissed, on the ground of its being prematurely brought, the claim not having been approved by the judge before the commencement of suit; but it will be, dismissed without prejudice to the right of the creditor, if any he has, to collect his claim on the last and third note against the succession. The two first are clearly barred, •and will not sustain an action.
It is ordered, adjudged, and decreed that the judgment be reversed and case dismissed.
Reversed and dismissed.