MARY McGOWEN v. GEO. B. ZIMPELMAN.

(Case No. 4081.)

1. STATUTE CONSTRUED — ESTATES OF DECEDENTS. — Art. 5487, Pasch. Dig., which declared that property reserved from forced sale, or its value if there should be no such property, does not form any part of the estate of a deceased person if a constituent of the family survives, was not repealed by the act of August 9, 1876 (acts of 16th Leg., p. 93). The probate court had full jurisdiction to secure to the surviving family the benefits of that provision of the act.

2. ADMINISTRATION — COLLATERAL PROCEEDINGS. — When administration is begun in the proper jurisdiction, under which property reserved from forced sale by art. 5487, Pasch. Dig., has been converted by proceedings

regular in their character, the administrator is not liable in an action for conversion brought in the district court by a surviving constituent of the family of the decedent who failed to assert her rights in the probate court, there being no charge of fraud.

3. Probate matters.— The judgments of the probate court in matters of administration, where jurisdiction has attached, are, when regularly rendered, binding upon all parties in interest, until set aside by direct proceedings instituted for that purpose.

4. Distinguished.— This case distinguished from Runnels *v.* Runnels, 27 Tex., 571.

Appeal from Travis. Tried below before the Hon. E. B. Turner.

One J. McGowen died on the 11th day of March, 1877, in the city of Austin. George B. Zimpelman was appointed, first, temporary administrator, on the 21st of March, 1877, and at the June term of the county court, 1877, was appointed permanent administrator of his estate, and had proceeded to the discharge of the duties of his appointment.

On the 2d of October, 1878, more than eighteen months after the death of McGowen, appellant Mary McGowen filed her petition in the district court of Travis county, alleging that she was, on 21st day of March, 1877 (the date of the appointment of appellee as temporary administrator), the surviving wife of John McGowen, and in her own right, and as only heir-at-law, the owner of the property mentioned in her petition.

October 17, 1879, appellant, by attorney, filed a first supplemental petition; and on the same day appellee filed an answer in the nature of a plea to the jurisdiction of the court, and general answer; alleging at the date of the death of J. McGowen he had no permanent home or residence; that he did not keep house, but boarded from place to place as inclination or convenience suggested; that at the time of his death he was in possession of personal property which was wasting and perishable in its kind; that by his death that property was left without any one having charge or care of the same; that appellee accepted an appointment as temporary administrator, by the county judge of Travis county, and took charge and

possession of the property; that due notice was given as required by law, after which he was appointed administrator and had proceeded in the administration of the property under the orders, supervision and direction of the probate court of Travis county; that the administration was still open; and that if the appellant was ever the wife of J. McGowen, which was not admitted, as appellee had no personal knowledge on that subject, she had abandoned him, and lived separate and apart from him, and had not performed the duties of a wife for more than four years next before his death.

Appellant excepted to this plea and answer. Exceptions overruled by the court, and the case was submitted on the facts as stated in the plea of the appellee. Plea sustained and cause dismissed.

*G. W. Hicks* for appellant.— It is laid down by Thompson on Homesteads and Exemptions, sec. 620, that the widow may bring an action in the district court of Texas to secure her allowance without proceeding in the county court. In Fowler *v.* Gilmore, 30 Tex., 432, it is held that upon the death of the husband the property exempt from forced sale shall belong to the widow and children, if there be any children, but if there be no children, then to the widow. Now, if this property sued for descended and became vested in the widow at the death of her husband, what right had the defendant to seize the same and appropriate it either to his own use or to the use of others as administrator? In the case of Runnels *v.* Runnels, 27 Tex., 515, it was held that the district court committed an error in dismissing the plaintiff's petition for want of jurisdiction in the court, and held that the court should have maintained its jurisdiction and settled the rights of the parties. Pasch. Dig., art. 5487.

*N. G. Shelley* for appellee.

I. Property exempt from forced sale is not *per se* relieved from the jurisdiction of and administration under the orders

31

and supervision of the probate court. In the absence or failure of anyone appearing as survivor or next of kin, and claiming or having in possession the property of an intestate, it is the duty of the probate court to appoint some suitable person to take charge of the property, who will accept such appointment. Pasch. Dig., art. 1269.

II. Funeral expenses and expenses of last sickness will be paid; and also the expenses necessarily incurred in the preservation and safe keeping of the estate, as against exemptions. Pasch. Dig., art. 1339; Green *v.* Crow, 17 Tex., 190. The defendant below alleged that the property was wasting and perishable; "that by the death of said J. McGowen said property was left without anyone having charge or care of the same, and there were no other means or effects of the said McGowen out of which to pay the expense of his care and medical attention, and burial expenses," except the property embraced in his inventory. While it is not stated in terms in appellee's plea below, that appellant, if she ever was the wife of the said McGowen, had abandoned her husband, and had ceased to discharge her marital duties, yet it is the necessary inference or effect of what is stated. Appellee in his answer alleges that she had abandoned and lived apart from the said McGowen for more than four years before his death. Earle *v.* Earle, 9 Tex., 630; Trawick *v.* Harris, 8 Tex., 316–17.

Bonner, Associate Justice. — It is contended by appellant Mary McGowen, that as the estate of J. McGowen was insolvent, the property was not subject to sale for the payment of debts, but that she, as the surviving wife, was entitled to it. She further contends that the probate court of Travis county had no jurisdiction over this property under article 5487, Pasch. Dig., which provides that property reserved from forced sale, or its value if there be no such property, does not form any part of the estate of a deceased person, if a constituent of the family survives.

This article constituted section 26, probate act August 15,

1870, and was repealed by act August 9, 1876 (Laws 16th Leg., 93), under which the administration upon this estate was had.

This last named statute was in many of its provisions similar to the probate act of 1848, and made it the duty of the administrator, with the assistance of the appraisers, to return a full inventory and appraisement of all the estate, both real and personal, of the intestate. Sec. 44, Laws 16th Leg., 103.

By sec. 57 (id., 106) it was made the duty of the county judge, at the first term of the court after the return of this inventory, to set apart for the surviving family the property exempt from execution or forced sale, or make provision in lieu thereof.

Hence it follows that the probate court of Travis county had jurisdiction of the property in controversy.

Administration proceedings are in the nature of those *in rem,* of which, when the requisites of the statute are complied with, all parties interested must take notice at their peril and by the decrees in which they are bound, until set aside on direct proceedings for this purpose. Grignon's Lessee *v.* Astor *et al.,* 2 How., 338.

The administration proceedings in this case were regularly commenced and prosecuted by Zimpelman in a court of competent jurisdiction, and which obtained jurisdiction over the property; there was no evidence of any fraudulent intention to defeat the rights, if any, of appellant; and she failed to appear and assert her rights to this property, or protest against its disposition otherwise, in regular course of administration.

Under these circumstances, we think that the administration proceedings were a sufficient legal justification to protect Zimpelman, in this suit by appellant, for damages against him for alleged conversion of this property, based upon his action as such administrator.

The probate court had ample power, if invoked in time, to have protected the rights of appellant by an order setting apart to her this property, if she were entitled thereto, under the section of the statute above quoted.

· We are not advised as to the condition of the estate, and the question is not presented for our determination in this case, what further rights she may have. We are of opinion, however, that they must be first sought in the probate court.

The case of Runnels *v.* Runnels, 27 Tex., 521, cited by counsel for appellant, arose under a will withdrawing the estate from the probate court.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 18, 1880.] ·