### S. J. HICKS ET AL. V. E. J. OLIVER.

No. 2910.

1. **Approved Claim Against an Estate.**—After the close of the term of the Probate Court at which a claim by an administrator of an estate against it has been approved, the Probate Court has no power to set aside such claim unless such approval was obtained by fraud or the court was without jurisdiction.

2. **Immaterial Issues.**—The trial court having found as a fact that there was no fraud used by the administratrix in obtaining the approval of her claim by the Probate Court, such finding under the law disposed of the case in her favor. Other matters were immaterial. The grounds of attack were that the claim was unjust, and that it had been allowed without notice to the complainants, and that they did not know of the action of the court until after its term ended.

Appeal from Rusk.   Tried below before Hon. A. J. Booty.
The opinion states the case.

*Jones & Gould,* for appellants.— 1. The County Court has jurisdiction
to correct any error it has been induced to commit by the actual fraud of
an administrator against the estate that is being administered by the per-
petrator of the fraud.   Snow v. Hawpe, 22 Texas, 172; Vardeman v. Ed-
wards, 21 Texas, 740; Fortson v. Alford, 62 Texas, 579; 62 Texas, 687.

2.   When fraud is charged in a direct proceeding the court in which
the fraud was committed has jurisdiction to hear and determine the com-
plaint.   Snow v. Hawpe, 22 Texas, 172; Vardeman v. Edwards, 21 Texas,
740; Drinkard v. Ingram, 21 Texas, 650; Johnson v. Templeton, 60
Texas, 238.

*Martin Casey,* and *W. J. Graham,* for appellee.— 1. The approval of
a claim against an estate is a final judgment.   Rev. Stats., art. 2031.

2.   A final judgment by a court of competent jurisdiction is not sub-
ject to revision in the same court at a subsequent term, unless for causes
which would authorize a new trial or review.   McFarland v. Hall, 17
Texas, 692.

3.   The remedy of appellants, if dissatisfied with the approval of the
claim of the appellee, was by appeal or certiorari.   Rev. Stats., arts. 2200,
2031, 290.

The appellants allege in their bill of review " that they all live at a dis-
tance more than fifty miles from Henderson and had no actual knowledge
of the fact that she (appellee) had filed said account claiming the amount
therein charged."   In reply the appellee states this proposition of law:
The approval of a claim against an estate by the County Court is binding
upon both residents and nonresidents.   Such probate proceedings are in
a sense proceedings *in rem,* and it is not necessary that notice be given
to heirs, resident or nonresident, who by reason of their interest are pre-
sumed to be in court.   Thomas v. Bonnie Bros., 66 Texas, 638.

HOBBY, Judge.—The appellants, S. J. Hicks and others, filed a peti-
tion in June, 1888, in the Probate Court of Rusk County to set aside an
approval by that court made in March, 1887, of a claim of $648 held by
the appellee, Mrs. E. J. Oliver, against the estate of her deceased husband
R. W. Oliver, then being administered by her in said court.

It was sought to vacate the approval of the claim upon the alleged
grounds that the appellants were distributees of said estate and had no
actual notice of the filing of the claim; that it was not a just demand
against the estate, the only proof thereof being the affidavit of appellee;
and further that the approval had been procured by fraud.   At the De-
cember term, 1888, judgment was rendered in favor of appellee, from

which appellants appealed to the District Court of the county. Judgment was rendered also in that court for appellee.

Among other findings of fact the court found that the claim was approved by the County Court of Rusk County on the 10th of March, 1887, and that such approval had not been shown to have been procured by fraud.

Among the legal conclusions deduced from the facts found were the following: That the action of the County Court in approving the claim had the effect of a final judgment, and that after the close of the term at which the claim was approved the County Court had no power to set it aside unless the approval had been procured by fraud, or the court was without jurisdiction, or there were other circumstances rendering the approval void. And it was also found that the allegations of fraud not having been established by evidence the defendant was entitled to judgment.

This appeal is prosecuted from that judgment.

There is no statement of facts in the record. The first assignment is, that "the court erred in its conclusion of law that the County Court had no jurisdiction to correct the account of an administrator during the pendency of the administration and to modify or reform its action on same." Under this assignment it is claimed that the County Court has jurisdiction to correct any error which it has been induced to commit by the actual fraud of the administrator of the estate. We see nothing in the conclusion found by the court inconsistent with the foregoing proposition. Nor did the court find that the County Court was without power to "correct the account of an administrator while the administration was pending and to modify or reform its action on same."

The conclusion found by the court, and of which it is inferred appellants complain, is as follows: "That after the term at which said claim was approved the court had no power to set aside the approval of said claim—I mean the County Court—unless said approval was obtained by fraud, or the giving of said approval was without jurisdiction or was under circumstances that would render the judgment void." We understand this to be a correct statement of the law upon this subject, and that it is in accord with the rule laid down in Heath v. Layne, 62 Texas, 694.

The seventh and eighth assignments are that the court erred in not examining into the correctness and justness of defendant's claim, "and erred in rendering judgment for defendant." As the court found that the "approval of appellee's claim by the County Court had the effect of a final judgment," and that it could only be inquired into or set aside for fraud in obtaining it, and further found that appellants had shown no fraud as alleged in their petition, there was no further inquiry to be made with respect to its "correctness and justness," and the judgment was properly rendered for the defendant, appellee here.

There being in our opinion no error in the judgment, we think it should be affirmed.

*Affirmed.*

Adopted October 21, 1890.