**BELL et al. v. BOWLES.     (No. 10382.)**

(Court of Civil Appeals of Texas. Fort Worth. Oct. 27, 1923. Rehearing Denied Dec. 8, 1923. Writ of Error Granted Jan. 23, 1924.)

1. **Executors and administrators** ⚖=237—**Entry of approval of claim on claim docket held not "final judgment," in absence of indorsement of approval on claim or memorandum attached thereto.**

The mere entry of the county court's approval of a claim against a decedent's estate upon the claim docket does not have the force and effect of a "final judgment" under Rev. St. art. 3452, providing that "the action of the court in approving or disapproving a claim shall have the force and effect of a final judgment," so as to become a conclusive adjudication, in the absence of an appeal under article 3454, where the court has not indorsed approval on the claim or annexed thereto a memorandum in writing stating his action thereon and the classification of the claim, as required by article 3447; such requirement not being merely directory, in view of articles 3211–3213, 3218, 3219, 3439, 3443, 3445, 3446, 3448.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

On Motion for Rehearing.

2. **Evidence** ⚖=157(6)—**Parol evidence incompetent as proof of that which law requires in writing.**

Parol evidence is incompetent as proof of that which the law requires to be in writing.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Accounting of T. F. Temple, executor of the estate of Josephine Helen McCall, deceased. The claim of F. R. Bowles contested by Anna Bell Duncan Bell and others was approved by the county court, and from a judgment of the district court on appeal in favor of claimant, the contestants appeal. Reversed and remanded.

George A. McCall and Martin & Hook, all of Weatherford, for appellants.

Geo. A. Titterington, of Dallas, for appellee.

CONNER, C. J. Josephine Helen McCall died, leaving a written will appointing T. F. Temple and F. R. Bowles executors "to carry out the conditions and provisions of this my will and testament, and that they be not required to give any bond." The will was duly probated on June 9, 1920, by T. F. Temple, Frank R. Bowles having declined to act as appointed. It directed the payment of all of her just debts, and contained, among other provisions, the following:

"I will and bequeath to my brother Jessie D. Bowles, the sum of $250.00, and to him and his dear wife my loving thanks for their many kindnesses to me and my mother when we made their house our home. I also thank my brother Frank Bowles and his wife for their great kindness to me as an inmate of their home."

The remainder of her estate, specifying it, was bequeathed to her nieces, Jessie K. Halmuda, and Anna Bell Duncan Bell.

The will contained the "request" that "my brother give his time in the settlement of my affairs free of cost, but that Mr. Temple be paid whatever is the usual fee for such office."

On the 18th day of August, 1921, T. F. Temple filed in the county court of Parker county his first annual account, showing the condition of the estate of the deceased, Josephine Helen McCall. The account was addressed to the Honorable Charles Sullivan, judge of said court, and contained a recitation of the bills and accounts against the estate that had been presented and allowed. Among others is the following:

"Claim of F. R. Bowles, board, etc, see bill, $1,089.05."

The account or bill referred to in the report of the executor thus states the charge:

To F. R. Bowles, Dr.

| | |
|---|---:|
| To 15 months board, laundry, care and attention at $43.00 per month * * * ...... | $ 645 00 |
| To 6 months board, laundry, care and attention at $60.00 per month.............. | 360 00 |
| To board and room of nurse 2 months at $35.00 per month........................... | 70 00 |
| To cash paid nurse as per receipt......... | 5 00 |
| To cash paid for telephone bill per receipt.. | 3 80 |
| To cash paid Titche-Goetinger, per receipt.. | 5 25 |
| Total ................................. | $1,089 05 |

At the September term of the county court, after the filing of the executor's report, to wit, on September 6, 1921, Anna Bell Duncan Bell, joined by her husband, presented a contest of the accounts reported as allowed by the executor. She alleged that by purchase she owned the residuary interest of her sister, Jessie K. Halmuda. Among other grounds not necessary to mention, the account of F. R. Bowles was attacked on the ground that the memorandum of allowance of the account indorsed thereupon failed to "state the time of presentation as required by article 3443, Rev. Statutes of Texas 1911," which made such failure to so indorse equivalent to a rejection, as provided by article 3444 of said statutes. A further ground of attack was:

"That no memorandum in writing by the county judge officially and dated stating the action of the court upon the claim, showing approval, and the amount, and also the classification of the claim, has been indorsed upon the claim as provided by law in article 3447 of the Revised Statutes of Texas 1911."

A hearing was had on the 9th day of September, 1921, upon which day the county court entered a judgment reciting a consideration of the contest, and that the claim of Frank R. Bowles had been allowed by the executor on the 9th day of July, 1920, but had not "heretofore been approved by the county judge of Parker county," but that said claim "should be approved." The court thereupon made classification of the claim, and indorsed and signed his approval upon the same as established.

The contestants duly prosecuted an appeal to the district court. There, for the first time, the contestee, Frank R. Bowles, presented a plea, alleging that his claim had been by the clerk of the county court of Parker county entered upon the claim docket of said court on July 9, 1920, and was, on the 31st day of July, 1920, approved and classified by the then acting judge, E. A. Swofford, as follows:

"$440.05 as a claim of the first class. $645.00 as a claim of the fourth class."

A copy of which claim docket was attached, marked Exhibit B, and made a part of the plea, and the prayer was that the contest should be abated therefor.

The trial in the district court was made to turn upon the special plea of Frank R. Bowles just mentioned. The district court found among other things to the effect that the claim on July 31, 1920, had been examined and approved by the then acting county judge of Parker county in open court in the sum of $1,089.05, classifying the claim, and that his action in approving and classifying the same was at the time duly entered upon the claim docket of said court. And that,

while said judge did not at that or any other time indorse his approval on the back of the claim, nevertheless, as a matter of law, the approval and classification of the claim and its due entry on the claim docket became an adjudication thereof, and a valid and subsisting claim against the estate. The court accordingly refused to consider other defenses to the claim, and abated the suit on the ground stated, and the contestants have duly appealed to this court.

The question presented has not been free from difficulty, but we have finally concluded that the trial court was in error in holding that the proceedings in 1920 concluded the contestants without reference to the merits of their contest. The entries upon the claim docket, made during the year 1920, in so far as they relate to the claim of Frank R. Bowles, gives the amount as $1,089.05, the date as July 8, 1920, when allowed as July 9, 1920, when approved July 31, 1920, and amount approved as $440.05 in the first class and $645 in the fourth class. There was parol evidence by the claimant tending to show that the entry of approval on the claim docket was made by the then acting county judge E. A. Swofford, but it is undisputed, and the district court so found, that E. A. Swofford signed neither the entries upon the claim docket nor made any indorsement upon the claim.

The following articles of the statutes, to which we make reference and quote, are thought pertinent to the question before us: Article 3211, c. 2, of title 52, Rev. Statutes, relating to estates of decedents, provides that the clerk of the county court shall keep a record book to be styled—

" 'Judge's Probate Docket,' in which shall be entered:
   *     *     *     *     *     *     *     *
"(4) A minute of all orders, judgments, decrees and proceedings had in the estate, with the date thereof."

The next article (3212) requires the clerk to keep a record book to be styled, "Probate Minutes," in which he shall—

"enter in full all the orders, judgments, decrees and proceedings of the court, and in which shall be recorded all papers of estates required by law to be recorded." ·

The next article (3213) requires the clerk to also keep a record book to be styled, "Claim Docket," in which, in a form specified, shall be entered all claims presented against an estate for approval by the court.

Article 3218 of chapter 3 provides that:

"All decisions, orders, decrees and judgments of the county court in probate matters shall be rendered in open court, and at a regular term of such court for civil and probate business, unless in cases where it is otherwise specially provided."

The next article (3219) provides:

"All such decisions, orders, decrees and judgments shall be entered on the records of the court, during the term at which the same are rendered; and any such decision, order, decree or judgment shall be a nullity unless entered of record."

Article 3439 of chapter 19, relating to the presentment of claims to estates, provides:

"No executor or administrator shall allow any claim for money against his testator or intestate, nor shall any county judge approve the same, unless such claim is accompanied by an affidavit in writing that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed."

Article 3445 provides that:

"If a claim, or a part thereof, be allowed by an executor or administrator, it shall be presented within twelve months after the issuance of original letters testamentary or of administration to the clerk of the county court of the proper county, who shall enter the same in its proper place upon the claim docket."

The next article (3446) provides that:

"All claims that have been allowed by the executor or administrator and entered upon the claim docket for the period of ten days shall be acted upon by the court at a regular term, and either approved in whole or in part or rejected, as to the court may seem right, and they shall also at the same time be classified by the court."

Article 3447 reads:

"When the court has acted upon a claim its action shall be entered upon the claim docket and the date thereof, and the county judge shall also indorse upon such claim or annex thereto a memorandum in writing, signed by him officially and dated, stating the action of the court upon such claim, whether approved or disapproved, or, if approved in part and rejected in part, stating the amount approved, and also stating the classification of such claim."

The next article (3448) provides that:

"Any person interested in an estate may, at any time before the court has acted upon a claim, appear and object to the approval of the same, or any part thereof, in writing, and in such case the court shall hear proof and render such judgment as the facts and the law may require."

Article 3452 reads:

"The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment, and when the claimant, or any person interested in the estate, shall be dissatisfied with such action, he may appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters."

Article 3454 provides that:

"When such claim has been entered upon the claim docket, and acted upon by the court

as in other cases of claims, an appeal from the judgment of the court may be taken as in other cases."

[1] It is undisputed, and both the county court and the district court expressly found, that the county judge of Parker county, in 1920, did not indorse upon the claim of appellee or annex thereto a memorandum in writing, signed by him officially and dated, stating his action in approving the account, as required in article 3447, above quoted, and the vital question in this case is whether or not such failure shall be given the effect of denying that the entry upon the claim docket by Swofford, the then acting county judge, is conclusive? If without such indorsement the mere entry of approval upon the claim docket, as is also provided in article 3447, gave such entry the force and effect of a final judgment, as provided in article 3452, above quoted, then the judgment of the district court should be affirmed, for in that event it is undisputed that appellants have in no way, by appeal, certiorari, or otherwise, caused that judgment to be set aside, as perhaps might have been done by proceedings in due time.

As early as 1846 it was required that claims against an estate of a decedent should be verified by the affidavit of the owner before the judge of probate or notary public, stating what part is due and unpaid and not satisfied, and, when thus verified and presented, the executor or administrator was required to indorse thereon his acceptance or rejection with the date of presentation. It was further required that all claims accepted by executors or administrators should be presented to the judge, who should indorse on the same his approval or nonapproval. See 2 Gammel's Laws of Texas, p. 1619, §§ 13 and 14.

Later, in March 1848, the Legislature passed a comprehensive act regulating the proceedings in the county court pertaining to estates of deceased persons. By section 51 of that act claims for money against an estate of decedent were required to be authenticated and presented to the administrator, and his approval or rejection indorsed thereon, as in substance, was required by the law of 1846, and then—

"if the claim, or a part thereof be allowed by the executor or administrator, it shall then be presented to the Chief Justice, either in term time or vacation, who shall indorse thereon, or annex thereto, a memorandum in writing, signed by him, stating that he approves or disapproves of." See 3 Gammel's Laws of Texas, p. 251, § 51.

Under the act of 1846, which in substance is the same as the later act of 1848, and our present statute (article 3447) in the requirement that the probate or county judge shall indorse upon a claim allowed by the executor or administrator his approval or disapproval, it was held, in effect, by our Supreme Court, in Danzey v. Swinney, 7 Tex. 617, that the failure of the county judge to make such indorsement was fatal to its establishment. At that time the laws did not provide for a "claim docket" and give it effect of a record of the probate court. The claim docket was first required by act of 1870. See 6 Gammel's Laws of Texas, p. 343, § 205. This section, providing for a claim docket and prescribing its forms, has been brought forward in article 3213, cited in the beginning of this opinion.

From this review of the authorities, we think it is to be observed that throughout the course of our laws relating to the estates of decedents and the proceedings to be followed that it has been almost universally the case to require after the allowance of a claim by an executor or administrator the approval of the county or probate judge to be indorsed upon the claim, and, as brought forward by the codifiers in the Revised Statutes, it was with a particularity not theretofore required enjoined upon him to indorse such approval or annex thereto a memorandum in writing "signed by him officially, and dated, stating the action of the court upon such claim," etc. It is to be further noted from a reading of article 3213 that the claim docket is a docket to be kept by the clerk, and it is the duty of the clerk, and not of the judge, to make the entries thereon. We therefore attach no importance to the parol testimony introduced upon the trial below that Swofford, the acting judge in 1920, probably made the indorsement upon the claim docket shown in the earlier part of this opinion. The requirement of the claim docket and prescribing of the duties of the clerk in relation thereto, as it seems to us, was but an additional requirement of the Legislature to those theretofore prescribed safeguarding estates against claims that may be presented and even allowed by an executor or administrator. In this case it is certain that Swofford neither made an indorsement upon appellee's claim, nor did he sign the entries upon the claim docket, if any force can be given to the fact that he made said entry. As shown, his approval as county judge was required to be evidenced by indorsements in writing, signed by him officially, and not left to the uncertainties of parol evidence. It is to be further observed in considering articles 3446 and 3447 that the law suggests that the act of the "county judge" in making the required indorsement shall be contemporaneous with the act of the "court" in approving the claim. We do not think it is for us to determine the legislative reason for providing as safeguards both the entries upon the claim docket and the indorsements upon the account itself. The claim docket is by the terms of the statutes a record of the court, and ar-

ticle 3222, Rev. Statutes, indicates that the duty of the clerk of the county court is:

To "receive and file all applications, complaints, petitions and all other papers permitted or required by law to be ,filed in said court in estates of decedents, and shall indorse on each paper the date when it was filed, and sign his name officially to such indorsement, and shall also place thereon' the docket number of the estate to which it belongs."

The account in question was doubtless filed by the clerk under the terms of this article, and therefore constitutes a record of the court authenticated by the official signature of the judge, which, with the entries on the claim docket by the clerk, gives to the proceedings the effect of a judgment. The particularity of the requirements doubtless was induced by the fact that probate laws nowhere require the administrator or other person 'or officer to give notice to the beneficiaries of an estate of the filing ·of a claim against it, without which, even in probate proceedings, the validity of orders and decrees disposing of the estate have been questioned. See discussion of subject in sections 566 to 570, inclusive, of Waples on Proceedings in Rem, where the case of Grignon v. Astor, 2 How. 319, 11 L. Ed. 283, is criticized, but which, it seems, is followed by our Supreme Court in the case of McGowen v. Zimpelman, 53 Tex. 479, and other Texas cases. The notices required by our law, so far as they relate to claims against an estate, relate to creditors, and not to those interested in the corpus of the estate. Appellants in this .case in their contest allege that they had no knowledge of the claim in question until the recitations relating thereto were presented in the annual report of the executor, filed in 1921, and there is no evidence in contradiction of these allegations. ·We therefore feel unwilling to say that the requirement of the statute that the county judge shall indorse upon a claim allowed by an administrator his approval, and sign it officially, is but directory, and that the mere entry by the clerk of the court's approval in open court on the claim docket shall be held to be conclusive. While, as noted in the beginning, the question is by no means free from difficulty, yet we think the conclusion announced is in harmony with the decisions of our Supreme Court in cases of a similar nature. For instance, as already noted, under the law of 1848, our Supreme Court, 'in Danzey v. Swinney, supra, held the indorsement of the Chief Justice necessary to the finality of the creditor's claim. In the case of Kelsey v. Trisler, 32 Tex. Civ. App.·177, 74 S. W. 64, it was held ·by our Galveston Court of Civil Appeals that a decree of· the county court not entered upon the records of the court as required by article 3219, heretofore noted, was a nullity. In Lanier v. Taylor (Tex. Civ. App.) 41 S. W. 516, and in Anderson v. Cochran, 93 Tex.

583, 57 S. W. 29, it was held that an affidavit to a claim that is unsigned renders the allowance of the claim a nullity.

We accordingly conclude that, in the interest of the preservation of estates of decedents, and of those entitled thereto under the law, the safer practice is to require a strict compliance with the regulations of the statutes before fixing.upon a claim the character of a final judgment that can only be disturbed by an appeal or writ of certiorari or by direct attack for fraud.

The judgment below will accordingly be reversed, and the cause remanded to the district court for a hearing of appellee's claim upon its merits.

### On Motion for Rehearing.

It is suggested that our construction of articles 3447 and 3452, Rev. Statutes, quoted in our original opinion, amounts to judicial legislation, and that we are in conflict with the case of Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255, Hicks v. Oliver, 78 Tex. 233. 14 S. W. 575, De Cordova v. Rogers, 97 Tex. 63, 75 S. W. 16, and Bloom .v. Oliver, 56 Tex. Civ. App. 391, 120 S. W. 1101, and hence that the question should be certified to our Supreme Court for determination.

[2] We disavow any purpose on our part to invade the domain of legislation or to substitute our judgment of what should be done for that for which the Legislature has made no provision. On the contrary, our effort has been to ascertain as best we could. the spirit of the legislative act and the intent of the Legislature by construing the articles mentioned, together with all other articles relating to the same subject, in the light of the judicial construction previously given to the similar requirement that the county judge, upon approval of a claim by an executor, "shall also indorse upon such claim or annex thereto .a memorandum in writing, signed by him officially, and dated, stating the action of the court upon such claim," etc. The only evidence on the trial below. tending to show that the county judge Swofford ever saw the claim under investigation is the testimony of the appellee himself, to the effect that he thought he remembered seeing Swofford make the entry of its approval upon the claim docket. There was no proof that such entry was in his handwriting, nor was Swofford offered as a witness, nor was it shown that any order· of approval by the county judge or county court was entered upon the probate minutes, as required by article 3212 of the statutes. Appellee was a highly interested witness, and we cannot think that it was the purpose of the Legislature to leave an open door for such uncertainties in the matter of the county judge's approval of a claim. The Legislature specifically provided that such approval should be indorsed in writing by the county

judge, signed by him officially, etc., upon the claim, and it is a settled rule that parol evidence is incompetent as proof of that which the law requires to be in writing. It is to be remembered that the proceeding in the matter of approval of the claim by the executor and the county judge is ex parte, and without actual notice to the parties most vitally interested, and in all such cases we think particularity in following the requisites of the law should be observed.

It is to be further observed that in article 3452, quoted in our original opinion, it is said that:

"The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment,"

and that article 3454, also quoted in our original opinion, also provided that:

"When such claim has been entered upon the claim docket, and acted upon by the court as in other cases of claims, an appeal from the judgment of the court may be taken as in other cases."

It is thus seen that by article 3452 some action of the court in approving a claim must be shown in order to give an approval the force and effect of a judgment, and that it is only when such claim has been entered, not only upon the claim docket, but also acted upon by the court, as in other cases of claims, that an appeal may be taken.

Other and better reasons, perhaps, might be given in support of our original conclusion, but we think what we have said will indicate the views we entertain, and we conclude that the motion for rehearing should be overruled.

As to the contention that we are in conflict with the cases mentioned, we will say that none of them, in our opinion, present the question discussed and determined in this case. In the case of Bloom v. Oliver, 56 Tex. Civ. App. 391, 120 S. W. 1101, by the Galveston Court of Civil Appeals, the attack upon an account held to be final was upon the ground that the claim was barred by the statute of limitation at the time of its allowance by the administrator and its approval by the county court.

The case of Hicks v. Oliver, 78 Tex. 233, 14 S. W. 575, was an action to vacate the approval of the claim upon the ground that the distributees of the estate had no actual notice of the filing of the claim, which, it was alleged, was unjust, etc.

In the cases of Logan v. Gay and De Cordova v. Rogers, supra, it affirmatively appears that the approval of the county court upon the claim attacked was indorsed thereon. So that, as indicated, we think all of these cases are distinguishable from the one we have before us now, and that we are not in conflict therewith under the rules prescribed by our Supreme Court. See Ins. Co. v. Roberts, 90 Tex. 78, 37 S. W. 311; Yeates v. St. L. S. W. Ry. Co. (Tex. Com. App.) 244 S. W. 503. In the case first cited, the Supreme Court says:

"The conflict between the decision of the court in question and that with which it is claimed to be in conflict must be of such a nature, that one would operate to overrule the other in case they were both rendered by the same court. In other words, the decisions must be based practically upon the same state of facts and announce antagonistic conclusions."

In the other case the Commission of Appeals cited the foregoing decision with approval, and thus states the rule:

"The question of law decided must be the same in each case, and the conflict must be of such a nature that the latter decision would necessarily overrule the former, if decided by the same court. The two decisions must be based on practically the same facts, and must announce antagonistic conclusions of law."

We accordingly overrule both the motion for rehearing and the motion to certify.