**BOWLES v. BELL et al.   (No. 640—4093.)***

(Commission of Appeals of Texas, Section A.
April 15, 1925.)

**Executors and administrators ⚮237—Approval of claim held a "final judgment," regardless of indorsement on claim or memorandum attached thereto.**

Approval of a claim against a decedent's estate, entered on claim docket required to be kept by Rev. St. art. 3213, has force and effect of a "final judgment," under Rev. St. art. 3452, regardless of whether court has indorsed on claim or annexed thereto a memorandum in writing, as required by article 3447; this being a ministerial act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Anna Bell Duncan Bell, and others against F. R. Bowles. From a judgment of the Court of Civil Appeals (258 S. W. 892), reversing a judgment of district court in favor of defendant, he brings error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

G. A. Titterington, of Dallas, for plaintiff in error.

Geo. A. McCall, of Weatherford, for defendants in error.

GERMAN, P. J.  This case comes from the district court of Parker county. It involves a claim of $1,089.05 in favor of plaintiff in error, F. R. Bowles, against the estate of Josephine Helen McCall, deceased. The claim is being contested by Anna Bell Duncan Bell and others, defendants in error. The following findings, made by the trial court and set out in the judgment, very clearly and succinctly state the material facts:

"T. F. Temple, sole executor herein, duly qualified as such June 10, 1920, and that thereafter, on July 9, 1920, the claim in controversy herein, duly verified, was presented to said executor for allowance, and was duly allowed by him, and his allowance thereof was duly indorsed on said claim and signed by him July 9, 1920, and that said claim was filed in the office of the county clerk of Parker county, Tex., and duly entered and recorded by clerk on the claim docket of the probate court kept in his office on July 9, 1920. That thereafter, on July 31, 1920, at a regular term of the county court of Parker county, the judge thereof, in open court, allowed said claim for $1,089.05, and duly classified the same—$440.05 as first class and $649.00 as fourth class, and caused said approval and classification to be entered at the time and in the proper place on said claim docket of said court; and that said allowance, approval, and classification of said claim and the record thereof was not in any way appealed from or called in question until September 6, 1921, when the contestants herein filed this suit in said county court attacking said claim and the approval and allowance thereof; and upon hearing said contest said court reapproved and reclassified said claim in accordance with the formal approval and classification thereof, and caused his action to be entered on his claim docket, and also recorded in the minutes of said court, and from that judgment this appeal is prosecuted. And this court, being of the opinion that said original judgment, approving and classifying said claim, and entered July 31, 1920, is and was from its rendition and entry a valid, subsisting judgment, and that same was not subject to review by the county court at the time and in the manner it was sought to be reviewed in and by the county court, and was unaffected by the action of the county court thereon from which this appeal was taken, also concluded that contestants should take nothing by this suit." ·

The judgment of the district court was by the Court of Civil Appeals reversed, and the cause was remanded.  258 S. W. 892. It is undisputed that when the claim was approved by the county court July 31, 1920, the county judge did not indorse upon the claim or annex thereto a memorandum in writing, signed by him officially, and dated, stating the action of the court in approving the claim, as provided in article 3447 of the Revised Statutes. The Court of Civil Appeals states the sole issue in the case thus:

"The vital question in this case is whether or not such failure shall be given the effect of denying to the entry upon the claim docket by Swofford, the then acting county judge, conclusive effect. If without such indorsement the mere entry of approval upon the claim docket, as is also provided in article 3447, gave such entry the force and effect of a final judgment, as provided in article 3452, then the judgment of the district court should be affirmed."

The Court of Civil Appeals held that the making of the indorsement by the county judge on the claim, or the annexing of written memorandum, was a necessary and essential part of the court's action in approving the claim, and therefore the claim in question had never been legally established. Article 3447 reads:

"When the court has acted upon a claim its action shall be entered upon the claim docket and the date thereof, and the county judge shall also indorse upon such claim or annex thereto a memorandum in writing, signed by him officially and dated, stating the action of the court upon such claim, whether approved or disapproved, or if approved in part and rejected in part, stating the amount approved, and also stating the classification of such claim."

Article 3213 of our Statutes requires the clerk of the county court to keep what is styled a "claim docket," which is one of the probate records, and it has been definitely

decided that an entry of a claim and its approval on this docket meets all the requirements of the law as to recording of orders, and there is no necessity for spreading the order of approval upon the minutes of the court, De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Krawietz v. Kneiski (Tex. Civ. App.) 236 S. W. 805. In the case of De Cordova v. Rogers, supra, the claims in question were indorsed by the county judge, after approval, in the manner required by article 3447, but the court, in considering the validity of the establishment of such claims, seems to have attached no importance to this fact. Upon the question of approval of the claims, the court say:

"We therefore conclude that, since the claims now under consideration, after being authenticated, were presented to the guardian, allowed by him, and were thereafter approved by the county court, and the approval duly entered on the claim docket, they became established claims against the estate of the ward."

The approval of a claim is a judicial act by the court. The indorsement on the claim is a ministerial act to be done by the county judge. The entry on the claim docket is likewise a ministerial act. Neither of these ministerial acts are a necessary part of the judicial action of the court in approving the claim. They may be evidence of the court's action. The statute itself declares that in making the indorsement or annexing the memorandum the county judge is merely "stating the action of the court upon such claim." By article 3452 it is provided that—

"The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment."

This action is final and conclusive, regardless of whether the indorsement is made by the county judge on the claim or not, and in our opinion can be fully established by the entry of the record of approval on the claim docket. We think the purpose of the statute in requiring indorsement on the claim or the annexing of written statement was to preserve and supply to the clerk a reliable memorandum as to the court's action upon the claim. This dispenses with the necessity of docket entries to be made by the probate judge, such as are usually made by the judge upon his trial docket in the county or district court.

As shown above, the trial court found that the county court of Parker county, at its regular term July 31, 1920, in open court allowed and approved this claim; and we think the record of this approval as disclosed by the claim docket was entirely sufficient to establish the action of the court, and the trial court was right in holding that this had the effect of a final judgment and could not be reviewed in this action.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.