## MALES v. WIMBERLY.

### No. 12243.

Court of Civil Appeals of Texas. Dallas.

June 26, 1937.

Parker V. Lucas, of Dallas, for appellant.

W. F. Bane and George W. James, both of Dallas, for appellee.

BOND, Justice.

On July 31, 1931, Earl A. Males qualified as administrator of the estate of E. Helen Denson, deceased, under appointment of the county court of Dallas county, Tex. On October 11, 1934, Mrs. Rowena Wimberly, a creditor of the estate, filed with the administrator for approval and classification, a claim evidenced by note secured by deed of trust on certain specified real estate. The note and deed of trust were executed by the deceased on April 17, 1930, and made due and payable on April 17, 1933. The claim was supported by affidavit of the claimant, to the effect that the same was just and that all legal offsets, payments, and credits known to affiant have been allowed. The administrator allowed the claim as presented, and, on November 27, 1934, the judge of said county court approved and classified the claim, after making some minor deductions, as a third-class matured secured claim, to be paid in due course of administration. His action thereon was duly entered upon the claim itself, and on the claim docket and minutes of said court.

On July 27, 1935, at a subsequent term of said county court, the claimant filed a motion to have her claim reclassified, specifying therein that she desired to have it allowed, approved, and fixed as a preferred debt and lien against the specific property securing the indebtedness, and to have the claim paid according to the terms of the deed of trust, as provided by article 3515a, § 1, subd. (b), Vernon's Ann.Civ. St., Acts 1931, 42d Leg. p. 79, c. 52, instead of a matured secured claim to be paid in due course of administration. The administrator resisted the motion on the grounds that the claim theretofore approved and classified was a third-class claim against the estate, payable in due course of administration, and that the order of the court so approving and classifying the claim, from which no appeal had been prosecuted, was a final judgment of the county court and could be set aside only by filing a timely application for certiorari or verified petition in the nature of a bill of review showing fraud, accident, or mistake, unmixed with negligence on the part of the claimant.

On hearing of appellee's motion, the county court set aside its former order, reclassified the claim as a preferred debt and lien against the property securing the indebtedness, and directed that it be paid according to the terms of the contract. The administrator appealed to a district court of Dallas county, where, on trial de novo, a similar judgment was rendered; hence this appeal.

The note and deed of trust having been executed in 1930, the action of the administrator and of the probate court allowing, approving, and classifying appellee's claim as a third-class claim against the estate of the deceased were controlled by the law as it existed at the time the note and deed of trust was executed. Laubhan et al. v. Peoria Life Ins. Co. (Tex.Com.App.) 102 S.W.(2d) 399. Under the probate procedure as it then existed, secured claims matured at the time of the death of the mortgagor and subject to be approved and classified as a third-class claim against the estate of the decedent and could be paid only in due course of administration. Article 3535, R.S.1925. At that time, there existed no probate procedure whereby the holder of a secured claim against an estate of a deceased person could be given a preference over first and second-class claims against the estate and allow the holder thereof to establish his debt in the probate court and proceed in its collection against the specific property securing its payment. The existing procedure effecting such obligations was, by operation of the law, one of the implied conditions of the contract between the claimant and the deceased mortgagor, which could not be changed or impaired by conferring new and extended rights and privileges to the surviving contracting party, not within the contemplation of the parties.

Article 3515a, under which the reclassification of the claim in question was sought by appellee and under which the county court and the district court acted, did not become effective until 1931. This article extends the right of holders of secured claims against the estate of a decedent to establish their debt against the estate and confers an election to claimants as to whether they shall proceed to collect their debt in due course of administration, thereby holding the estate liable for the payment of any deficiency claim after the sale of the secured property; or to proceed against the property under the contract, thereby releasing the estate of any such deficiency.

Appellee's claim was approved and classified under applicable probate procedure, as provided under the statutes of 1925, as existed in 1930, as a third-class claim to be paid in due course of administration. The county court and the district court were without authority to extend the provisions of the acts of 1931 to apply to appellee's claim and reclassify it as a preferred debt against the estate of the debtor. Wyatt et al. v. Morse et al. (Tex.Sup.) 102 S.W.(2d) 396; Laubhan et al. v. Peoria Life Ins. Co., supra.

Furthermore, the order of the probate court, approving and classifying appellee's debt as a third-class claim against the estate, payable in due course of administration, was a final judgment. Orders and decrees of the probate court are subject to the same general rules as govern other courts, and subject only to review and revision by a timely appeal, certiorari, or verified bill of review. In 14 Tex.Jur. p. 159, the author says: "The order classifying claims for debts incurred during the lifetime of the decedent has the effect of a final judgment from which an appeal may be prosecuted." Thus, we think, the order of the probate court, ap-

proving and classifying the claim in question, could not be set aside by the county court, on motion made after the adjournment of the court at which the order was entered. The order had the effect of a final judgment. Bell et al. v. Bowles (Tex.Civ.App.) 258 S.W. 892; Bowles v. Bell (Tex.Com.App.) 270 S.W. 1013.

Since neither the county court nor the district court had the power to set aside the final order of the county court previously made and were not authorized to approve and classify appellee's claim as a third-class claim against the estate, granting a preference of payment out of the proceeds of sale of the property given as security, the judgment of said courts must be reversed and judgment rendered in favor of appellant, setting aside the order of the county court and the district court, in which appellee's claim was classified as a preference secured claim payable out of the proceeds of sale of the secured property; accordingly, the judgments of the lower courts are reversed and judgment here rendered in favor of appellant, and the district court is directed to certify the judgment of this court to the county court for observance.

Reversed and rendered, with instructions.