CASE 86—INDICTMENT—JUNE 10.

# Roberts v. Commonwealth.

APPEAL FROM BREATHITT CIRCUIT COURT.

1. THE DEFENDANT WAS NOT PREJUDICED BY THE REFUSAL OF THE COURT TO GRANT A CONTINUANCE, asked because of the absence of a witness, who, if present, would have sworn that defendant was of unsound mind, there being other witnesses present who did so testify, and the affidavit for a continuance, so far as competent, being read to the jury as evidence.

Roberts v. Commonwealth.

2. IRREGULARITY IN THE FORMATION OF THE JURY, OR IN THE MODE OF SUMMONING IT, can not be shown by affidavit of the defendant, there being a record easy of access disclosing the facts. And where it appears that the jury was summoned by the sheriff and not by the jury commissioners, it is to be presumed that he performed this service under order of the court as provided by section 11 of article 4, chapter 62 of the General Statutes.

3. EXCEPTIONS.—Decisions of the court upon challenges to the panel and for cause are not subject to exception.

4. THE MANNER IN WHICH THE JUDGE IS TO SATISFY HIMSELF OF THE IMPRACTICABILITY OF OBTAINING A JURY FREE OF BIAS IN THE COUNTY wherein a prosecution is pending is by making a fair effort to obtain the jury in that county. He can not be controlled and guided by the unsupported affidavit of the defendant.

5. PERSON OTHER THAN SHERIFF APPOINTED TO SUMMON JURORS.—The court did not err in designating two persons other than the sheriff to summon petit jurors after the regular panel was exhausted, such a practice being authorized by section 193 of the Criminal Code.

6. STATEMENT OF CASE FOR COMMONWEALTH.—It was not error to permit an attorney, other than the regular attorney for the Commonwealth, to state to the jury the nature of the charge against the defendant.

7. THE FACT THAT ONE OF THE WITNESSES FOR THE COMMONWEALTH HEARD THE STATEMENT OF THE CASE is not ground for reversal, the attention of the court not being called to the presence of the witnesses.

8. EVIDENCE—PREJUDICIAL ERROR.—It was improper to allow a witness to testify as to inducements offered him by one of defendant's relatives and witnesses to testify for defendant, but, as he was not present at the killing, and could have known nothing touching which he could have sworn for defendant material to his defense, the testimony was not prejudicial, as it is not to be presumed an intelligent jury would hold defendant responsible for the supposed imprudences of his friends, especially when they appear incredible and absurd on their face.

9. SAME.—The Commonwealth having been allowed, without objection, to prove by a witness for defendant that he was under indictment for perjury, it was competent for defendant to prove by the witness that the indictment had been procured by the relatives and friends of deceased who were prosecuting defendant; but as the indictment for perjury grew out of the testimony of the witness on a former trial of the case being tried, and all the testimony on the subject-matter of the alleged perjury was heard by the jury, they were in an attitude to judge of the weight to be given the pendency of the indictment as affecting the credibility of the witness, and, therefore, defendant was

not prejudiced by the refusal of the court to allow the witness to state
by whom the indictment for perjury had been procured.

10. SENDING JURY TO VIEW GROUND.—Whether the jury should be sent
to view the ground was a matter within the sound discretion of the
court.

J. J. C. BACK, R. A. HURST, J. B. MARCUM. AND W. W.
VAUGHN FOR APPELLANT.

1. As the indictment does not charge that the killing was done with
"malice aforethought," it only charges manslaughter, if any thing,
and it was error to give an instruction as to murder. (Kaelin v.
Commonwealth, 84 Ky., 364; Kennedy v. Commonwealth, 14 Bush,
340; Wharton's Criminal Law, sec. 517.)

2. The indictment is also defective because it does not contain such state-
ments as show that the deceased died from the wounds inflicted
within a year and a day. (Wharton's Criminal Pl. & Pr., sec. 138;
Wharton's Crim. Law, sec. 312.)

3. The court erred in refusing a continuance. (Morgan v. Common-
wealth, 14 Bush, 106.)

4. The presence of his witnesses was important to defendant, and the
fact that a part of the affidavit for a continuance was read as the
deposition of the absent witnesses did not prevent the error in refus-
ing a continuance from being prejudicial. (Nichols v. Common-
wealth, 11 Bush, 578.)

5. The court erred in refusing to order a jury to be summoned from
another county, it being shown that an impartial jury could not be
had in the county.

6. The court should have sustained the challenge to the entire panel of
the jury, upon the ground that the deputy sheriff who summoned the
jury was a cousin of the deceased, and actively engaged in the prose-
cution of the defendant.

7. It was error to permit an employed attorney, especially when he was
the circuit judge, to state the case for the Commonwealth. The case
should have been stated by the regular Commonwealth's attorney, or,
in his absence, by an attorney appointed by the court. (Criminal
Code, sec. 220.)

8. The statement of the case for the Commonwealth in the presence of
principal witness for the prosecution was prejudicial to defendant.

9. Defendant was entitled to have his attorney state his case to the jury
immediately after the statement of the case for the Commonwealth.
While defendant has the right under section 222 of the Criminal
Code to wait until the evidence for the prosecution is closed before
stating his case, he is not compelled to do so.

10. The court erred in admitting incompetent evidence, and for this
error there should be a reversal. This court can not speculate on the
effect of such evidence. (Kennedy v. Commonwealth, 14 Bush, 340.)

Roberts v. Commonwealth.

11. Collateral facts brought out on cross-examination of a witness are conclusive against the party calling for them. (Kennedy v. Commonwealth, 14 Bush, 340; Loving v. Commonwealth, 80 Ky., 507.)

12. The court erred in allowing Robert Frazier to testify to a confession made by Ransom Roberts in the absence of defendant, the alleged conspiracy not being proved. And even if both parties had been on trial, the testimony of Frazier would not have been competent unless accompanied with an admonition from the court that it could not be considered against the defendant. (Cable v. Commonwealth, 14 Ky. Law Rep., 253.)

13. The trial court abused its discretion in refusing to send the jury to view the ground where the killing occurred. (Crim. Code, sec. 236.)

14. The court erred in appointing as elisor one who had stated that the defendant ought to be hanged.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The defendant was not prejudiced by the refusal to grant him a continuance, as the relevant and competent testimony set out in the affidavit for a continuance the court permitted to be read as evidence for the defendant.

2. The challenge to the panel was not made in accordance with the Criminal Code, and even if it had been, the grounds stated were not sufficient to discharge the panel.

3. While the court had no authority to appoint an elisor, there being no vacancy in the office of sheriff, (Gen. Stats, chap. 34, secs. 1 and 2), yet the court had the authority for a sufficient cause to designate some other officer or person to summon the jurors. To this extent his order was valid. (Crim. Code, sec. 193.)

4. There was nothing improper in the action of the court in allowing the regular circuit judge, who had been employed to prosecute before his election, to state the case to the jury.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On a former trial of this case, a demurrer to the indictment was filed and overruled. On an appeal to this court, the ruling of the lower court in this respect was approved, and the sufficiency of the indictment will not again be considered. The appellant, for the second time convicted of murder and sentenced to confinement in the penitentiary for life, complains on this appeal:

Roberts v. Commonwealth.

First. That he was not granted a continuance. No absent witness could throw any light on the killing with which he was charged, but would testify, it is said in the affidavit, to the unsoundness of defendant's mind. There were other witnesses present who did so testify, and the affidavit for the continuance, so far as competent, was read to the jury as evidence.

Secondly. It is urged that the court erred in overruling his challenge to the panel of the jury summoned for that term of court. No record evidence of how the panel was obtained was offered, but the affidavit of the defendant contained the statement that it was not selected by jury commissioners but by the sheriff and his deputies, all of whom are alleged to be taking an active part in the prosecution of the defendant. This was not the proper way to show irregularity in the formation of the jury or in the mode of summoning it. There was a record, easy of access, disclosing the facts. It does not appear when the panel was summoned; it is to be presumed that the sheriff performed this service under the order of court as provided by section 11 of article 4, chapter 62 of the General Statutes. Moreover, it is distinctly provided by section 281, Criminal Code, and oftentimes so announced by this court, that decisions of the court upon challenges to the panel and for cause shall not be subject to exception.

In this connection we may notice the motion of the defendant to have the jury summoned from an adjoining county. His affidavit discloses that the prosetors are people of influence, and are using money to

secure his conviction.    Section 194, Criminal Code, provides: "If the judge of the court be satisfied, after having made a fair effort, in good faith, for that pur pose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed." The manner of satisfying himself of this impracticability is by making a fair effort to obtain the jury in the county wherein the case is pending, and certainly the court is not to ignore the plain provisions of the Code, and be controlled and guided by the unsupported affidavit of the defendant.

After the regular panel was exhausted, the court, under section 193, Criminal Code, designated two other persons to summon petit jurors, who were duly sworn. This was objected to by the defendant, but we perceive no error in thus following the provision of the law cited.

An attorney, other than the regular attorney for the Commonwealth, stated to the jury the nature of the charge against the defendant. We see no error in this, nor in the fact that one of the witnesses for the Commonwealth is shown to have heard the statement. The court no doubt would promptly have required his retirement had his attention been called to the fact of his presence.

We have examined the rulings of the court care-

fully in admitting and rejecting testimony, and find no error prejudicial to the substantial rights of the defendant. The nearest approach to it perhaps was in not allowing the defendant to prove by Ransom Roberts that the friends of the deceased had procured an indictment for perjury against the witness in order to discredit his testimony. The Commonwealth had been allowed, but without objection by defendant, to ask the witness if he was not under indictment for perjury. He answered affirmatively. Whereupon the defendant asked him who procured the indictment, an objection to which was sustained, and it was then avowed that the witness would prove that Shearman Cope and other relatives and friends of the deceased, who were prosecuting the defendant, had procured the indictment against the witness. This evidence was competent as tending to explain away the discrediting circumstance of the indictment. But it appeared that the indictment was found for perjury in the very case then on trial, and growing out of the testimony of the witness on a former trial. The testimony, therefore, involving the alleged perjury, and upon which the indictment was found, was all before the jury in the case on trial. The statements of the witnesses for the Commonwealth establishing the alleged false swearing on the part of the witness, together with the testimony of the witness alleged to have sworn falsely, were all before the jury. The testimony, therefore, pro and con on the subject-matter of the alleged perjury, was heard by the jury. They understood all the circumstances, and were in an attitude to judge of the effect and weight to be

.given the testimony of the witness in defendant's behalf, as affected, if at all, by the pendency of the indictment against him.

John Frazier was allowed to prove that Obe Roberts, a witness for the defendant and a relative, had said to him after the killing, and not in the presence of the defendant, that if he (witness) would swear for the defendant, that he (Roberts) would help him out of a certain indictment against him. This was irrelevant and incompetent testimony, but not prejudicial. It abundantly appeared from the proof that Frazier was not present at the killing and could have known, therefore, nothing touching which he could have sworn for the defendant material to his defense. An intelligent jury would not hold the defendant responsible for the supposed imprudences of his friends, especially when they appear incredible and absurd on their face.

The facts testified to for the defendant by Ransom Roberts, and allowed to be contradicted by Centers and others for the Commonwealth, were not collateral but substantive facts. They involved the manner of the killing and the attitude of the parties at the time of the homicide. It was not error to permit the contradictory testimony, nor was it improper to allow Robert Frazier to testify to the statements of Ransom Roberts respecting his intentions on the day of the killing. These intentions involved in no way the action or conduct of the accused, were not made with reference to him, and were competent only so far as this might affect the credibility of the witness. We think that the lower court allowed defend-

ant's counsel every opportunity that was reasonable to present their testimony, and Hopson's proposed testimony came too late.

Whether the jury should be sent to view the ground was a matter within the sound discretion of the court. There appeared to be no complication in the testimony regarding the topography of the country where the killing occurred.

Upon the whole case, as it appears of record, we are of opinion that the defendant had a fair and impartial trial, and the judgment is, therefore, affirmed.