YEATES v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS. (No. 351–2965.)

(Commission of Appeals of Texas, Section A. Oct. 25, 1922.)

1. Courts ⬤⟿247(7)—Decisions of Courts of Civil Appeals held not in conflict.

A decision of the Court of Civil Appeals that a witness, who had been impeached by proof of bad reputation for honesty, could ex-

plain the transactions out of which the reputation arose, and show that the transactions did not involve moral turpitude, was not in conflict with a decision of another Court of Civil Appeals that, where a witness had stated that Y.'s reputation for truth and veracity was bad, Y. was not entitled, in rebuttal, to show by witness that, in other individual transactions from those out of which such reputation arose, Y. acted fairly and squarely, and that witness did not know of any dishonest act on Y.'s part, so as to confer jurisdiction on the Supreme Court.

2. Courts ⬤⟿247(7)—Rule as to conferring jurisdiction on Supreme Court on ground of conflict stated.

To confer jurisdiction on the Supreme Court on the ground of conflict alone, the question decided must be the same in each case, and the conflict must be of such a nature that the latter decision would necessarily overrule the former, if decided in the same court; the two decisions must be based on practically the same facts, and must announce antagonistic conclusions of law.

3. Appeal and error ⬤⟿1082(1)—Where application for writ of error on ground of conflict of decisions, Supreme Court could not acquire jurisdiction on other grounds.

Where a writ of error was granted to the Supreme Court under Rev. St. 1911, art. 1544, as amended by Acts 33d Leg. (1913) c. 55 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1544), on the ground of conflicting decisions, the Supreme Court could not consider any other ground of complaint in disposing of the case, in view of Rev. St. 1911, arts. 1521, 1544, as amended by Acts 33d Leg. (1913), c. 55 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1521, 1544).

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Ed Yeates against the St. Louis Southwestern Railway Company of Texas. A judgment of the Court of Civil Appeals (184 S. W. 636) affirmed a judgment for defendant, and plaintiff applied for a writ of error. Writ dismissed.

B. Q. Evans, of Greenville, L. C. Clifton, of McKinney, and H. L. Carpenter, of Greenville, for plaintiff in error.

Head, Dillard, Smith, Maxey & Head, of Sherman, for defendant in error.

GALLAGHER, J. Ed Yeates, plaintiff in error, sued the St. Louis Southwestern Railway Company of Texas, defendant in error, for damages for personal injuries which he alleged were sustained by his wife as a result of its negligence. The allegations of injury were sharply contested. Trial was had before a jury, and a general verdict in favor of defendant in error returned, and judgment entered thereon. Plaintiff in error appealed, and the Court of Civil Appeals at Dallas affirmed the judgment. 184 S. W. 636. Plain-

tiff in error applied for and obtained a writ on the ground that the decision of the Court of Civil Appeals in this case is in conflict with the decision of the Court of Civil Appeals at Fort Worth, in the case of Fort Worth Belt Railway Co. v. Cabell, 161 S. W. 1083.

The case of Railway Co. v. Cabell was an appeal from a judgment of the trial court in favor of said Cabell as plaintiff in a suit against the said railway company as defendant. Cabell was a material witness in his own behalf. The railway company introduced testimony impeaching his reputation for honest and integrity and for truth and veracity. One of the impeaching witnesses on cross-examination testified that Cabell's reputation was bad, because he would not pay his debts, and that he (the witness) thought any man that did not pay his honest debts was a bad man. Plaintiff, Cabell, in rebuttal of this testimony, was permitted over objection of the railway company to testify in substance that outside of one debt, for about $90, the validity of which he questioned, he owed only about $115; that this indebtedness was distributed in small amounts among a number of creditors; that the reason why he had not paid these debts was that his wife had been sick constantly for 2½ years; that he himself had been crippled for 7 months, and was out of employment for 2 months, and that he had lost some $800 in a fire. The grounds of the objection to this testimony was that in a suit for personal injuries it was error to admit evidence that the plaintiff was poverty stricken and unfortunate, and that the introduction of immaterial and irrelevant testimony did not justify the admission over the objection of the railway company of improper evidence to explain it. The Court of Civil Appeals in that case overruled the assignment of error complaining of the admission of such testimony.

In this case plaintiff in error, Yeates, was plaintiff in the court below. He was a material witness in his own behalf. The railway company introduced evidence that his general reputation for truth and veracity and for honesty and fair dealing was bad. Among the witnesses so testifying was one Reece. This witness further testified that he lived in the same section of the town, was on friendly terms with Yeates, had known him for 20 years, and had had business dealings with him. Upon cross-examination of said witness as to the basis of his conclusion that plaintiff's reputation was bad, he testified that he had heard one Ben Ivy accuse Yeates of changing him out of $5, and had heard the agent of the railway company speak about Yeates' action in coal deals, and that he could not recall having heard any other particular acts discussed. Counsel for plaintiff then inquired:

"His dealings with you were fair and square, were they not?"

The witness was not permitted to answer, whereupon counsel further inquired:

"Do you know of a single dishonest act that he ever performed or committed?"

Again permission to answer was denied, whereupon counsel inquired:

"Now, Mr. Reece, is it not true that in all of your personal dealings with him for the length of time you have known him he always acted fair and square with you; so far as your personal knowledge is concerned, he is a square and honest man?"

These questions were objected to by the railway company, on the ground that the testimony sought to be elicited thereby was "immaterial, irrelevant, and not the proper method of procedure provided by law for a contest on that issue." The objection was sustained, and the witness was not permitted to answer the questions. This action of the trial court was duly assigned as error on appeal, and such assignment was overruled by the court.

[1] The respective rulings above set out are assigned in the application for writ of error in this case as in conflict. A careful consideration of said rulings has convinced us that there is no real conflict between them. In Railway v. Cabell, plaintiff sought to sustain his standing as a witness, not by denying the reputation for not paying his debts, which was ascribed to him by the witness, but by explaining it away by circumstances tending to diminish or destroy its significance. Such an attempt is recognized as one of the ways of supporting an impeached witness. 2 Wigmore on Evidence, p. 1318, § 1112; Stewart v. State (Tex. Cr. App.) 67 S. W. 107; Roberts v. Commonwealth, 94 Ky. 499, 22 S. W. 845, 846. In this case the witness Reece had testified that the general reputation of Yeates in that community on the points inquired about was bad. The plaintiff sought on cross-examination to prove by the witness that he had always been fair and square in his dealings with the witness, and that witness did not know of a single dishonest act by him.

Plaintiff in error contends that the excluded evidence was material on the issue of credibility of the witness Reece, and within the legitimate scope of cross-examination. Such testimony is not so classified by the authorities. 22 C. J. p. 483, § 581; 2 Wigmore on Evidence, § 111, par. (2), pp. 1315–1317; Id. § 988, pp. 1139, 1144; 5 Jones on Evidence, § 864, pp. 273–276; 4 Chamberlayne's Evidence, p. 4571, § 3314; Annis v. People, 13 Mich. 511, 516–517; Moulton v. State, 88 Ala. 116, 6 South. 758, 6 L. R. A. 301–303. On the contrary, such testimony is considered by the great weight of authority to bear on the credibility of Yeates, the witness sought

to be impeached, and to be, in effect, an attempt to rebut or disprove the general reputation testified to by the witness by proof of specific acts. Boone v. Weathered, 23 Tex. 675, 678; Ayres v. Duprey, 27 Tex. 594, 600, 86 Am. Dec. 657; McCormick v. Schtrenck, 59 Tex. Civ. App. 139, 130 S. W. 720, 722; 22 C. J. p. 483, § 582; Id., p. 484, § 584; 2 Wigmore on Evidence, § 1111, par. (2), pp. 1315–1317; 3 Wigmore on Evidence, § 1980, p. 2626; 5 Jones on Evidence, § 860, pp. 260–263; 4 Chamberlayne's Evidence, p. 4581, § 3323; Moulton v. State, 88 Ala. 116, 6 South. 758, 6 L. R. A. 301–303; Allen v. State, 111 Ala. 80, 20 South. 490; Weeks v. Hull, 19 Conn. 376, 50 Am. Dec. 249, 250; Engleman v. State, 2 Ind. 91, 52 Am. Dec. 494, 499.

The proposition of law decided in Railway v. Cabell is not the same proposition decided in this case. In that case and in this the plaintiff was a material witness in his own behalf, and had been impeached by proof of bad reputation for honesty and fair dealing and for truth and veracity. In that case, the plaintiff was held entitled, in rebuttal of such evidence, to explain the very transactions out of which such bad reputation was shown to have arisen, and to show by such explanation that such transactions did not involve moral turpitude on his part. In this case, the plaintiff was held not to be entitled to show by one of such impeaching witnesses that, in other and entirely different transactions from those out of which such reputation had arisen, plaintiff had acted fairly and squarely, and that the witness did not personally know of any dishonest act on his part.

[2] To confer jurisdiction on the Supreme Court on the ground of conflict alone, the question of law decided must be the same in each case, and the conflict must be of such a nature that the latter decision would necessarily overrule the former, if decided by the same court. The two decisions must be based on practically the same facts, and must announce antagonistic conclusions of law. Sun Mutual Insurance Co. v. Roberts, Willis & Taylor Co., 90 Tex. 78, 79, 37 S. W. 311. The decision of the Court of Civil Appeals in this case is not in such conflict with the decision of the Court of Civil Appeals in the case of Railway v. Cabell as to confer jurisdiction on the Supreme Court on that ground.

[3] The writ of error in this case was granted under article 1544 of the Revised Statutes, as amended by the act of 1913 (Acts 33d Leg. c. 55 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1544]). All the specifications of error in the application are based on rulings of the trial court in the matter of admitting and excluding evidence. No issue of substantive law is presented thereby, because it cannot be said that the case turns on any of such evidence. Hartt v. Yturia Cattle Co. (Tex. Com. App.) 228 S. W. 551, 553. The supposed conflict of decisions above discussed is the only conflict alleged in such application. The Supreme Court could not acquire jurisdiction of the cause under such application on any other ground than such conflict of decisions, nor consider any other ground of complaint in disposing of the case. R. S. arts. 1521 and 1544, as amended by the act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1521, 1544); Holland v. Nimitz (Tex. Sup.) 239 S. W. 185; Browder v. Memphis Independent School District, 107 Tex. 536–538, 180 S. W. 1077; Texas City Transportation Co. v. Winters (Tex. Com. App.) 224 S. W. 1087.

The Supreme Court being without jurisdiction to hear and determine this cause, we recommend that the writ of error be dismissed.

GREENWOOD and PIERSON, JJ. Writ of error dismissed for want of jurisdiction.