ALTHOFF *v.* STATE OF INDIANA.

[No. 26,146. Filed October 31, 1935.]

*Joseph H. Iglehart,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Assistant Attorney-General, for the State.

ROLL, J.—Appellant and five other persons were indicted by the grand jury of Vanderburgh county for

the crime of conspiring to commit a felony, to-wit, to present a false claim against Vanderburgh county under §2945, Burns' Ann. St. 1926, §10-2101, Burns 1933, §2745, Baldwin's 1934. Appellant wa's a member of the firm of Althoff-Howard Electric Company, Inc., who was awarded the contract to do certain electrical work on the court house in Vanderburgh county in the year 1920.

There was a trial before a jury of citizens of Posey county; a verdict of guilty was returned.

This is a companion case to the case of *Warren* v. *State* (1935), 208 Ind. 526, 196 N. E. 710, and presents substantially the same questions that were presented in that case, and for the reasons there pointed out this case is reversed. However, there is a question presented by the briefs in this case that was not presented in the Warren case, which we feel should receive our careful consideration.

The record discloses that appellant was tried twice before, by a jury in and of Vanderburgh county, and each jury failed to agree upon a verdict. The first trial was begun on March 30, 1931. The jury was selected, opening statement made and evidence was introduced on the opening day. The jury was discharged on April 3, 1931. The case was reset for trial on May 4, on which day a jury was selected, opening statements were made and evidence introduced before court adjourned. On May 9 this jury was discharged because it could not agree on a verdict. On May 13, 1931, the judge on his own motion announced, that "he had made a fair investigation in good faith, for that purpose and is satisfied that it will be improbable that a jury without bias or prejudice can be obtained in Vanderburgh county to try the above entitled cause against the said defendant Carl Althoff." The order included a request upon the judge of the Posey circuit court to procure the drawing of

names for a jury to serve in said cause and to appear at the court house in Evansville, Indiana, on June 8, 1931, for that purpose, all in accordance with the provision of §2260, Burns' Ann. St. 1926, §9-1507, Burns 1933, §2247, Baldwin's 1934. Appellant filed written objections to the entering of this order, which objections were overruled by the court. The trial date of June 8 was vacated and the cause was reset for September 28, 1931. On September 8, 1931, the court again entered an order to the same effect as the one that was entered May 13, and mentioned above, to which entry appellant again filed his written objections, which was overruled and exceptions taken. Appellant then moved to vacate, set aside, and rescind said order and assigned therefor the same reasons that he had assigned in his objections to the original order, which motion was overruled by the court. On September 26, appellant moved the court to direct its clerk to issue a venire to the sheriff of Vanderburgh county directing the sheriff to summon the members of the regular panel of said court to try appellant, which motion was overruled. Appellant challenged each juror so drawn and placed in the jury box on the ground that he was a resident of Posey county and not a resident of Vanderburgh county. His objection was overruled. He objected to the order of the court directing the clerk to swear the jury to try the cause, which objection was overruled by the court. The jury was sworn and tried said cause, and returned a verdict of guilty.

Appellant by his various motions and objections to being tried by a jury drawn from Posey county under the provision of §2260, *supra,* urges the unconstitutionality of said statute, and that said statute gave the court no authority to call a jury from any county other than the county where the crime was alleged to have been committed. Appellant insists that under §13 of Article 1

of the Constitution of the State of Indiana, he is guaranteed the right to be tried by a jury drawn from Vanderburgh county. This section of the State Constitution provides:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed. . . ."

The statute under which the court acted is §2260, Burns' Ann. St. 1926, §9-1507, Burns 1933, §2247, Baldwin's 1934, and reads as follows:

"When a prosecution for felony is pending in any court of this state having jurisdiction, and before or during the impaneling of a jury therein, the judge of such court shall be satisfied, after having made a fair investigation in good faith for that purpose, that, from any cause, it will be improbable that a jury without bias or prejudice can be obtained within the county wherein the prosecution is pending, he shall enter an order of such determination, and shall include in such order a request upon the judge of the circuit court of an adjoining county, to be named in such order, to forthwith procure the drawing of names for a jury to be summoned to appear before the court to serve as jurors in such cause, at a time to be named in such order. And the clerk of the court wherein such order is made shall forthwith transmit a transcript of such order to the judge of the circuit court of the county therein named."

We have been unable to find any case in Indiana where the question presented by this appeal has been discussed. Kentucky has a statute in some respects similar to the one in question, and the constitutionality of that statute was challenged in the case of *Moseley v. Commonwealth* (1905), 27 Ky. Law 214, 84 S. W. 748. The court did not discuss the question but did say that the validity of said statute had been upheld in the case of *Brown* v. *Commonwealth* (1899), 20 Ky. Law Rep. 1552, 49 S. W. 545; *Massie* v. *Commonwealth* (1896), 18 Ky. Law Rep.

367, 36 S. W. 550, and *Roberts* v. *Commonwealth* (1893), 94 Ky. 502, 22 S. W. 845. An examination of these cases will disclose that the constitutional question was never raised or discussed and was not decided in either of them.

Many of the states of the Union have statutes authorizing a change of venue on behalf of the prosecution. The constitutionality of these statutes have been questioned with varying results. See *State of Iowa ex rel. Fletcher et al.* v. *District Court of Jefferson County* (1931), 213 Iowa 822, 238 N. W. 290, 80 A. L. R. 339, and annotations following. In some of the states the statute was upheld because of the particular language used in their Constitution. *State* v. *Miller* (1870), 15 Minn. 344; *State ex rel. Hornbeck* v. *Durflinger* (1905), 73 Ohio St. 154, 76 N. E. 291. But in all the cases which we have examined, where the statute authorizing the state to ask for a change of venue from the county have been upheld, the change was conditioned upon the fact that a fair and impartial jury could not be obtained in the county where the alleged crime was committed. We have found no case upholding the right to change the venue in a criminal case over the objection of the defendant where it was only improbable that a fair and impartial jury could be obtained.

It certainly was the clear intent of the framers of our Constitution to guarantee to one accused not only a trial in the county but by a jury of the county where the alleged crime was committed when such a jury could be obtained. Whether or not a statute would be valid which would authorize the court to call a jury from another county when a fair and impartial trial could not be had in the county where the crime was alleged to have been committed, we need not decide. To permit a judge of a trial court to call a jury from another county other than the one where the crime is alleged

to have been committed, when he becomes satisfied after having made an investigation in good faith for that purpose, that it would be *improbable* that a fair and impartial jury cannot be obtained, over the objections of the defendant and without any opportunity of being heard on the subject would certainly be depriving him of one of the most sacred and guarded rights secured by our Constitution. Blackstone says:

> "When, therefore, a prisoner on his arraignment has pleaded not guilty, and for his trial hath put himself upon the country, which country the jurors are, the sheriff of the county must return a panel of jurors, . . . freeholders without just exception, and of the vinse or neighborhood, which is interpreted to be the county where the fact is committed." 2 Cooley's Blackstone, 3rd Ed. 491.

The right of an accused to be tried by his neighbors and peers is ancient and sacred and if there is any exception to the common law rule it is only when a fair and impartial jury cannot be obtained in the county and not when it is only improbable that such a jury cannot be obtained.

We conclude that the lower court committed reversible error in entering the order directing a jury to be called from an adjoining county over the objection of the defendant. For this error and also the errors pointed out in the case of *Warren* v. *State, supra,* the judgment of the trial court is reversed with instructions to sustain appellant's objection to entering the order herein mentioned and for further proceedings not inconsistent with this opinion.

Judgment reversed.

## DISSENTING OPINION

TREMAIN, J., dissenting.—The decision in the case of *Warren* v. *State* (1935), 208 Ind. 526, 196 N. E. 710, is determinative of the questions presented in this case,

and upon the authority of that case this case must be reversed.

There is involved, in this appeal, a question which was not presented in the Warren case. The appellant was tried before a jury of Vanderburgh county twice before his conviction from which this appeal was taken. In the former trials the juries disagreed. In the preparation for the trial resulting in his conviction the trial judge, pursuant to §9-1507, Burns 1933, directed the jury to be drawn from Posey county. This section of the statute provides that in the prosecution of a felony and before the impaneling of a jury, if the judge shall be satisfied, "after having made a fair investigation in good faith for that purpose, that, from any cause, it will be improbable that a jury without bias or prejudice can be obtained within the county wherein the prosecution is pending, he shall enter an order of such determination, and shall include in such order a request upon the judge of the circuit court of an adjoining county" to direct that a jury be drawn from such adjoining county. Pursuant to the order of the Vanderburgh circuit court, the jury was drawn and impaneled from Posey county. The appellant objected to such jury, challenged the array, and moved to vacate, set aside, and rescind the order of the court, and in various forms reserved the question of the right of the Vanderburgh circuit court to call a jury from the adjoining county.

The appellant claimed that said section of the statute was unconstitutional and gave the court no authority to call a jury from an adjoining county; that the statute violated Art. 1, §13, of the Constitution of the State of Indiana, which reads as follows:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed. . . ."

The above section of the statute has never been passed upon by this court. It is clear that the Constitution provides for a trial *in* the county in which the offense was committed, and that the trial shall be by an impartial jury. The Constitution does not say that it shall be a jury *of* or *from* the county where the offense was committed. The question, therefore, to be answered is whether or not the Constitution leaves the question open for legislation as to the manner of selecting a jury from an adjoining county, when the trial court may be satisfied, from its investigation, that it is improbable that a jury without bias or prejudice can be obtained within the county where the prosecution is pending.

As indicating what the constitutional convention may have had in mind, attention is called to §13 of the Constitution of 1816. Among other things, that section provided for "a speedy public trial by an impartial jury *of* the county or district in which the offense shall have been committed." The quoted language is copied from the Sixth Amendment of the Federal Constitution, except the word "county" is substituted for the word "state." Thirty-five years had elapsed from the time of the adoption of the Constitution of 1816 until the adoption of the present Constitution. It is evident that the constitutional convention of 1851 had some clear and definite reason for changing from the expression used in the Constitution of 1816 to the phrase used in the Constitution of 1851, when the phrase "jury of the county" was entirely omitted and the phrase "a public trial, by an impartial jury, in the county" was substituted. The phrase "by an impartial jury" is thrown into the sentence parenthetically and has no different meaning than if it had followed the word "county." The present Constitution means that a public trial in the county shall be had before "an impartial jury."

Since this question has not been passed upon by the Supreme Court of Indiana, the court is authorized to look to statutory and constitutional provisions of other jurisdictions. §11 of the Bill of Rights of the Constitution of the Commonwealth of Kentucky, adopted September 28, 1891, among other things, provides that the accused "shall have a speedy public trial by an impartial jury of the vicinage." §194 of the Criminal Code of that commonwealth provides:

"If the judge of the court be satisfied, after having made a fair effort, in good faith for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county. . . ."

The question as to the constitutionality of that section of the Kentucky statute was before the court of appeals in the case of *Moseley* v. *Commonwealth* (1905), 27 Ky. Law 214, 84 S. W. 748. In that case the appellant and others were charged with murder in Leslie county. Pursuant to the statute above quoted, the court ordered the sheriff to call the jury from an adjoining county. It was insisted that the section in question violated that part of §11 of the Constitution of the Commonwealth of Kentucky which guaranteed to defendant a "speedy public trial by an impartial jury of the vicinage;" and in any event it was insisted that the judge violated the section of the code by not, in good faith, attempting to obtain an impartial jury in the county where the case was tried. The Court of Appeals held that neither proposition could be maintained, and held that §194 was valid and constitutional, and cited the case of *Brown* v. *Commonwealth* (1899), 20 Ky. Law Rep. 1552, 49 S. W. 545; *Massie* v. *Commonwealth* (1896),

18 Ky. Law Rep. 367, 36 S. W. 550, and *Roberts* v. *Commonwealth* (1893), 94 Ky. 499, 22 S. W. 845.

In *Neal* v. *Commonwealth* (1930), 233 Ky. 533, 26 S. W. (2d) 23, it appears that in a manslaughter case on the first trial the jury disagreed; on the second trial the jury returned a verdict of guilty, which was set aside by the trial court; upon the third the appellant was convicted, but the case was reversed in the court of appeals; on the fourth trial, the court ordered a jury drawn from an adjoining county. In upholding the action of the trial court the court of appeals said (p. 535):

> "The court acted well within his discretion in ordering a jury panel from an adjoining county. *Brafford* v. *Commonwealth,* 16 S. W. 710, 13 Ky. Law Rep. 154; *Bowman* v. *Commonwealth,* 146 Ky. 486, 143 S. W. 47."

The case was affirmed.

In *Brafford* v. *Commonwealth, supra,* there were three trials, and upon the fourth trial the court ordered the jury drawn from an adjoining county over the objection of the defendant. In affirming the conviction, the court of appeals said (p. 155):

> ". . . though it does not appear further effort was made to obtain a jury in Knox county after the regular panel was exhausted, the fact that there had already been three trials of the case was sufficient to justify the action of the court, without needlessly consuming time to accomplish what was obviously impracticable."

The cause was affirmed.

In *Johnson* v. *Commonwealth* (1933), 250 Ky. 297, 62 S. W. (2nd) 1025, the appellant was convicted of manslaughter, from which conviction he appealed and assigned as error the trial court's action in calling a jury from an adjoining county over appellant's objection, and without having made a fair effort to obtain a jury in Floyd county, the place of the homicide and

trial. There had been one trial resulting in a disagreement. At the time the order was made to call the jury from an adjoining county, the appellant made his objection and an issue was formed upon that question, and the court came to the conclusion that a fair and impartial trial could not be obtained in Floyd county and ordered the jury called from Lawrence county. In discussing the case, the court of appeals said (p. 299) :

"The law does not require a vain or foolish thing, and if the trial court from competent evidence and relevant circumstances before it is convinced that a fair and impartial jury cannot be obtained from the county in which the trial is to be held, to try a cause, it is not required by section 194 of the Criminal Code to do the foolish and expensive thing of summoning in jurors to corroborate such evidence and relevant circumstances. . . . Here the experience of the trial judge on the first trial of this case, coupled with the competent evidence he had before him as to the state of feelings in Floyd county in this case, justified him in summoning a jury from an adjoining county. As said in the Brafford case, *supra,* these facts and circumstances were 'sufficient to justify the action of the court, without needlessly (and we may add expensively) consuming time to accomplish what was obviously impracticable.' "

*Bates v. Commonwealth* (1920), 189 Ky. 727, 225 S. W. 1085, is an appeal from a conviction of murder by a jury drawn from an adjoining county, pursuant to the statute quoted, after there had been one former trial resulting in disagreement. On page 735 the court said:

"This section of the Criminal Code, as applying to certain states of facts, has been construed by this court on several occasions, and it has been determined, that its provisions do not violate any constitutional right which the accused has. . . ." Then the court cites a long list of Kentucky cases.

The Kentucky constitution and statute are so nearly parallel with the Constitution and statute of this state

that the decisions of the court of appeals of that commonwealth should have much weight in construing the statute here in question. The Indiana statute appears to be more carefully drawn than does the Kentucky statute, in this: That the trial court makes an order directing the court of an adjoining county to cause the jurors to be drawn from that county in the manner provided by statute, while the Kentucky statute directs the sheriff of the county in which the offense was committed, and where the trial was to be had, to proceed to the adjoining county and summon a jury. It seems more likely that an impartial jury may be obtained by having the court of the adjoining county to order the jury drawn in the regular manner.

It is apparent that the Constitution of 1851 contemplated such statute as §9-1507, when it provided that the trial must be had in the county where the offense was committed by an impartial jury. It is easy to suppose a condition where an impartial jury cannot be obtained *of* or *from* the county where the offense is committed. In such case, in order to comply with the constitutional provisions providing for an impartial jury, it may become necessary to call a jury from an adjoining county. The defendant may be charged with the commission of a felony and not entitled to a change of venue from the county, and the court may determine, at any time before the jury is finally impaneled, that it is improbable that a jury can be secured without bias and prejudice. Thereupon, the statute authorizes the court to call a jury from an adjoining county, and this may be done in order to comply with the constitutional mandate providing for a trial before an impartial jury.

Anciently a juror was qualified as such because of his knowledge of the crime charged and his ability to testify against the defendant. In other words, a jury-

man was supposed to know all the facts, and the more he knew, the better was his qualification. As the law developed, that qualification was obliterated, and when the Constitution of the United States was adopted, it was provided that in criminal prosecutions, the accused should enjoy a speedy and public trial by an impartial jury of the state or district where the crime was committed. This was written into the State Constitution of 1816, but after an elapse of thirty-five years, it was determined by the makers of the new Constitution that a defendant would be better protected by writing the Constitution as it now is, and leaving it to the legislature to provide for the calling of a jury of an adjoining county, when the court determined that such was necessary in order to insure a fair and impartial trial.

In the case of *Barry* v. *Truax* (1904), 13 N. D. 131, 99 N. W. 769, 65 L. R. A. 762, will be found a learned discussion upon the question of the constitutional right of the state to take a change of venue from the county where the offense is committed, upon the ground that a fair and impartial jury cannot be obtained in that county. The learned judge discussed the question from many angles and reviews the development of criminal trials and the right to a trial by an impartial jury, and reaches the conclusion that such statutory provision neither violates the constitutional provisions of the state nor the principles of the common law. In part it is said (p. 140):

"But it is a cardinal rule of construction that a constitution must be so construed as to give effect to the intention of the people who adopted it, and, while it will be construed with reference to the doctrines of the common law, its intent never will be overruled by them. Black, Const. Law, §§38, 42; Cooley Const. Lim. 7th ed. 94. . . .

"In reaching the conclusion just announced, we have assumed the correctness of the contention that

at common law the prosecution had no right to change the venue, but that, on the contrary, it was the defendant's unqualified right to demand a jury panel from the county where the offense was committed. We do not think, however, that this contention accords with the fact. We are of opinion that neither the common law as it existed in England at the time of the Revolution, nor as adopted in this country, gave the defendant an absolute right to a trial in the county of the offense. This is, at least, the opinion of a large number of American courts, whose views are entitled to most respectful consideration. . . ."

The court then reviews decisions from many states (see *State ex rel. Hornbeck* v. *Durflinger* (1905), 73 Ohio St. 154, 76 N. E. 291). The principles there discussed add significance and meaning to the Indiana statute providing for calling a jury from an adjoining county in order to provide for a fair and impartial trial before an unbiased jury.

In the opinion of the writer, the statute is wholesome and in no wise violates §13 of Art. I of the state Bill of Rights. No error was committed by the trial court in calling the jury from Posey county. However, the case is reversed upon the authority of *Warren* v. *State, supra.*