OPINION — AG — **** INDIAN AFFAIRS COMMISSION — EMPLOYEES **** MEMBERS OF THE OKLAHOMA INDIAN AFFAIRS COMMISSION PROVIDED FOR IN 74 O.S. 1971 1201 [74-1201], ARE OFFICERS OF THE STATE OF OKLAHOMAN NOT EMPLOYEES OF THE COMMISSION, AND THEREFORE, ARE NOT TO BE COUNTED AS FULL TIME EQUIVALENT EMPLOYEES OF THE AGENCY WHILE ATTENDING TO OFFICIAL BUSINESS AS MEMBERS OF THE COMMISSION. (NATHAN J. GIGGER)
INDIAN AFFAIRS COMMISSION — EMPLOYEES Members of the Oklahoma Indian Affairs Commission provided for in 74 O.S. 1201 [74-1201] (1971), are officers of the State of Oklahoma, not employees of the Commission, and therefore, are not to be counted as full-time-equivalent employees of the agency while attending to official business as members of the Commission. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: Under the provisions of 74 O.S. 1201 [74-1201] (1971), must the Commissioners of the Oklahoma Indian Affairs Commission be included and counted as full-time-equivalent employees of the agency while attending official business and meetings of such agency? House Bill No. 1117, First Regular Session, Thirty-fifth Oklahoma Legislature (1975), Section 4, amended 74 O.S. 1201 [74-1201] (1971), to read as follows: "There is hereby created within the State of Oklahoma, as a separate department and official agency thereof, the Oklahoma Indian Affairs Commission, which shall consist of nine (9) members appointed by the Governor, by and with the advice and consent of the Senate. Initially three of such members shall be appointed for terms of one (1) year, three for terms of two (2) years, and three for terms of three (3) years and until their successors are appointed and qualified; thereafter, all appointments to the Commission shall be for terms of three (3) years and until their successors are appointed and qualified. A Director, who must be an American Indian at least one-quarter (1/4) blood, shall be appointed by the Commission for a term of four (4) years, to coincide with the tenure and at the pleasure of the Governor. "In making such appointments to said Commission, consideration shall be given to making the same broadly representative of the geographic areas of the state, the several Indian tribes residing in the state, and not more than five of such members shall be from the same political party. Provided, however, that in appointing members of the Commission to succeed those initially appointed, appointments shall be restricted to not more than one representative of any tribe. "The State Board of Public Affairs shall provide suitable office for said Commission in the State Capitol or other buildings in the State Capitol area. "The Commission shall meet regularly at least once per month and at such other times as may be set by the Chairman. Members of the Commission shall receive no salary, but shall be paid Twenty-five Dollars ($25.00) per day when attending official meetings of the Commission or when on official business thereof, plus travel reimbursement as provided by the State Travel Reimbursement Act." Section 2 of House Bill No. 1117 sets forth the duties of the Director of the Oklahoma Indian Affairs Commission relative to the hiring of employees of the Commission. Section 2 specifically reads as follows: "The Director of the Oklahoma Indian Affairs Commission shall appoint or fix the duties and compensation of the employees, not otherwise prescribed by law, necessary to perform the duties imposed upon said Commission by law. The salary of the Director shall be fixed by the Commission, at not to exceed Thirteen Thousand One Hundred Dollars ($13,100.00) per annum, payable monthly. The average number of full-time-equivalent employees utilized in the total operations of the Commission shall not exceed eleven (11) during the fiscal year ending June 30, 1976." Senate Bill No. 205, First Regular Session, Thirty-fifth Oklahoma Legislature (1975), now codified at 74 O.S. 3601 [74-3601] to 74 O.S. 3603 [74-3603] (1975), defines employee in Section 1 as follows: "For purposes of this act, the term 'employee' shall mean a fulltime employee or any number of part-time employees whose combined weekly hours of employment equal those of a full-time employee; but shall not include seasonal employees. . . ." It can readily be seen from the language and scope of both acts that a line of distinction exists between the Commissioners and the employees of the Commission. The offices of the members of the Board of Commissioners are expressly created by statute with fixed terms; and the Commissioners are charged with a number of duties which reflect that they are, in fact, vested with some portion of the sovereign functions of government which are to be exercised for the benefit of the public. See State v. Sowards, 64 Okl. Cr. 430, 82 P.2d 324 (1938); Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635
(1895). Clearly, the Commissioners of the Oklahoma Indian Affairs Commission are officers and not employees of the Commission as contemplated in Section 2 of House Bill No. 1117. Research and a review of the citation of authorities reflect situations wherein the State Supreme Court has had occasion to consider the criterional distinctions of an employee from an "officer". In some instances the distinction has been recognized and drawn on the basis of the relative importance of the duties performed and in others has been based on such factors as the duration of the relationship, whether the amount of compensation is fixed by statute, and whether the relationship itself is premised upon election or appointment or arises merely by reason of a written or oral employment agreement. In the case of Lizar v. State,83 Okl. Cr. 56, 166 P.2d 119, the Court held that a legal assistant to one of the Justices of the Supreme Court was not an officer or a deputy. "He does not under the law perform any duty of the Judge. He cannot sit or act in his absence, and he cannot act in his stead, or perform any duties except that of an assistant in preparing opinions and other legal work, which must meet the approval of the Judge himself." In Oklahoma City v. Century Indemnity Co.,178 Okl. 212, 62 P.2d 94 (1936), the Court cited and adopted the decision of the Supreme Court of Arizona and stated materially: "Many authorities hold that the chief elements of a pubLic office are: "(a) A specific position may be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. `A position which has these three elements is presumably an office while one which lacks any of them is mere employment.'" Other jurisdictions which have had occasion to consider the matter of distinction have set forth generally similar criteria, distinguishing between officers and employees on the basis of the relative importance of the positions, the independence with which the individual functions and whether his duties are set forth by statutory law. See, e.g., Hyde v. Board of Commissioners, 209 Ind. 45, 198 N.E. 333; Hudson v. Annear, 101 Colo. 550, 75 P.2d 587; McClendon v. Board of Health, 141 Ark. 114, 216 S.W. 289. In Hyde, supra, the Court stated: "In determining whether one is an 'officer' or 'employee' the important tests are the tenure by which a position is held, whether its duration is defined by statute or is temporary or for a time fixed only by agreement; whether it is created by an appointment or election or merely by contract of employment . . .; whether the compensation is by a salary or fees fixed by law or by a sum agreed upon by the contract of hiring." The Commissioners alluded to in your letter are, of course, created by statute and appointed by the Governor, by and with the advice and consent of the Senate. Under the provisions of Section 74 O.S. 1201 [74-1201] as amended by House Bill No. 1117, the members of the Commission are to receive no salary, but shall be paid Twenty-five Dollars ($25.00) per day when attending official meetings of the Commission or when on official business, plus travel reimbursement as provided by the State Travel Reimbursement Act. Thus, from the conclusion that the Commissioners of the Oklahoma Indian Affairs Commission are officers and not employees of the Commission, and that Oklahoma recognizes the distinction of the two, your question must be answered in the negative. It is, therefore, the opinion of the Attorney General that your question be answered accordingly: Members of the Oklahoma Indian Affairs Commission provided for in 74 O.S. 1201 [74-1201] (1971), are officers of the State of Oklahoma, not employees of the Commission, and therefore, are not to be counted as full-time-equivalent employees of the agency while attending to official business as members of the Commission. (Nathan J. Gigger)